In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-203 CR


____________________



LORENZO ZUNIGA CARDENAS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 99-03-01411-CR






OPINION


 A jury convicted appellant, Lorenzo Zuniga Cardenas, of Aggravated Sexual
Assault (of a child). The jury assessed a punishment of confinement in the Institutional
Division of the Texas Department of Criminal Justice for a term of fifteen years. 
Appellant raises four appellate issues for our consideration. To place the appellate issues
in their proper context, a brief description of the procedural background of the instant case
is necessary. The record indicates that on October 19, 1999, a jury was selected, and the
trial commenced the following day. Well into the State's case on October 20, 1999, a
mistrial was requested by the State and granted by the trial court. Five days later, on
October 25, 1999, an entirely new jury was selected and testimony was elicited once again
in the instant cause. This second trial resulted in the conviction and sentence from which
the instant appeal arises. 

 At the outset, we note that there was no complaint from appellant or his trial
counsel, nor is there any complaint from appellant's appellate counsel, regarding the trial
court's declaration of a mistrial in the middle of the first trial. Appellate Issue One,
however, appears to focus its complaint of ineffective assistance of counsel on
circumstances that occurred during the trial that resulted in the mistrial. The legal effect
of the grant of a mistrial is that the case stands as it did before the mistrial. See Bullard
v. State, 168 Tex. Crim. 627, 331 S.W.2d 222, 223 (1960). The declaration of a mistrial
has been held to render such trial a "'nugatory' proceeding." See Rodriguez v. State, 852
S.W.2d 516, 520 (Tex. Crim. App. 1993). In essence, the proceedings occurring before
the granting of a mistrial become legally ineffective when a mistrial is declared. See
Huseman v. State, 17 S.W.3d 704, 706 (Tex. App.--Amarillo 1999, pet. ref'd).

 In light of the law and what is complained of in appellate Issue One, we have
nothing to review since any ineffectiveness of trial counsel that may have taken place
during the first trial was rendered moot upon the granting of the mistrial. Again, we note
that appellant is not now complaining of the propriety of the trial court's grant of the
mistrial under the Bauder (1) line of cases, nor did appellant complain of the retrial prior to
the second trial taking place. Issue One is, therefore, overruled.

 Appellant frames his next two issues also in terms of ineffective assistance of
counsel; he contends trial counsel failed "to properly admit evidence under Tex. R. Evid.
412. (2) His fourth and final appellate issue complains of trial court error "by using Rule 412
of the Texas Rules of Evidence to exclude specific instances of non-sexual contact." For
each of these three appellate issues, appellant directs our attention to three different
portions of trial testimony. The witness referenced under Issue Two is the child-complainant, V.L. A colloquy at the bench indicated that trial counsel was intending to
elicit testimony from V.L. that her mother regularly examined the vaginas of V.L. and her
younger sister, A.L., to make sure that the girls were still virgins. As the apparent failure
to comply with the terms of Rule 412 was ostensibly the basis for the prior mistrial, trial
counsel wanted to be "very careful of Rule 412" before delving into this area again. 

 At the bench conference, the State did not make a formal objection to the testimony
trial counsel was considering eliciting from V.L. Referring to the proposed area of
inquiry, the State merely made the comment, "That doesn't come in." Trial counsel
immediately replied, "All right. I won't ask the questions at this time." It is clear that
trial counsel made a strategic decision not to pursue the line of inquiry at that particular
time. An appellate court may not reverse a conviction on ineffective assistance of counsel
grounds when trial counsel's actions or omissions may have been based upon tactical
decisions, and there are no specific explanations for trial counsel's decisions in the record. 
See Bone v. State, 77 S.W.3d 828, 830 (Tex. Crim. App. 2002). Because, as will become
evident, trial counsel attempted to pursue this particular line of inquiry through various
other witnesses, we cannot say his decision to forego further questioning of V.L. about the
subject was deficient performance on his part. See Strickland v. Washington, 466 U.S.
668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, 693 (1984). Issue Two is overruled.

 With regard to Issue Three, the witness involved was V.L.'s mother, Natalia
Cardenas. Natalia was one of the witnesses called in the case for the defense. During re-direct examination of Natalia, trial counsel asked her if she ever examined the girls to find
out if they were virgins or not. The State objected and a hearing out of the jury's presence
ensued. We reproduce that sequence of events as contained in the record: 

 Q.[Trial Counsel]: Mrs. Cardenas, back when you had the children in 1995
and '96, did you ever examine the children to find out if they were virgins
or not?


 [The State]: Objection, Your Honor. May we approach?


 THE COURT: Yes, sir.


 [The State]: She's not qualified as a doctor to examine; and he should
not have asked it.


 THE COURT: You should have approached the bench.


 [Trial Counsel]: I thought we already did that.


 THE COURT: No, sir.


 [The State]: No, sir.


 THE COURT: Ladies and gentlemen, would you retire to the jury
room momentarily.


 (Brief recess.)


 THE COURT: I'm going to permit him to ask that question outside
of the presence of the jury because I want to see where in the world he
thinks he's going with this line of questioning.


 [The State]: May I at least put a basis of my objection briefly, Judge.


 THE COURT: Let him do it and then you can put your objection.


 [The State]: Yes, sir.


 THE COURT: This is outside the presence of the jury.


 Q.[Trial Counsel]: Mrs. Cardenas, did you ever examine the children,
checking to see if they were virgins or not?


 A. Never.


 Q. Did you ever tell other people, Ms. Carranza, Angel Carranza or Ms.
Alicia Cardenas that you did that?


 A. Rachel Carranza is not my friend. And I told Alicia that my daughters
had enough confidence in me to tell me anything. Even when they were
raw, I would put - - because my daughter is a little heavy, I would put lotion
on her or something. But I never put my finger there. If you need to, you
can ask her.


 [Trial Counsel]: Your Honor, what I had was I had two people that
said that she had said that to them.


 THE COURT: And then, where would that take you [Trial Counsel]?


 [Trial Counsel]: Well, it was an explanation of the medical evidence
that came in.


 THE COURT: How would that be an explanation that a mother might
make an examination?


 [Trial Counsel]: Well, if she penetrated her vagina, then she could be
responsible for the - - breaking the hymen.


 [The State]: Judge, [Trial Counsel] caused - - I'm going to - - I'm
going to explain to the Court, [Trial Counsel] caused in the first case to - -
the case to go arey [sic] asking similar type of questions without following
the Code of Criminal Procedures [sic], explicitly requirements [sic] that we
go in.


 THE COURT: Talking about the Rules of Evidence, Rule 412.


 [Trial Counsel]: Yes. Rule 412. 


 [The State]: And they specifically require the defense attorney to
approach the Court and go into this stuff outside the presence of the jury. 
He's done it a second time, and it's basically another fishing expedition.


 [Trial Counsel]: This is not a fishing expedition.


 THE COURT: I'm going to admonish you, [Trial Counsel], if you
ever do that again and violate Rule 412 in this case or any other case that I'm
presiding over, I'm going to hold you in contempt of court. Is that clear? 
All right. I'm going bring [sic] the jury out and instruct them to disregard
[Trial Counsel's] last question and not consider it for any purpose
whatsoever. 


 [The State]: Thank you.


 (Brief recess.)


 THE COURT: Be seated, Ladies and Gentlemen. Thank you.

 Ladies and Gentlemen, I'm going to instruct you to disregard the last
question that was propounded by [Trial Counsel] and not to consider it for
any purpose whatsoever.

 You may proceed.


 [Trial Counsel]: I have no further questions of this witness.


 [The State]: No further questions, Judge.


 Again, we are faced with what appears to be a strategic decision on the part of trial
counsel. Even if we were to say that trial counsel did not have a full grasp of Rule 412,
the record indicates that virtually everything permitted by Rule 412 was accomplished. 
Unfortunately for trial counsel, the witness did not respond as anticipated. Trial counsel
is not shown to be ineffective simply because Natalia denied ever engaging in the behavior
of checking her girls vaginally. Contrary to the contention in appellant's brief, Natalia's
testimony was not evidence "relevant to rebut the medical evidence offered by the state."
Furthermore, before the trial court was permitted to admit any of Natalie's testimony at
issue, it must first have found that the probative value of said evidence outweighed the
danger of unfair prejudice. See Rule 412(b)(3). 

 It does not appear from the record that trial counsel was deficient in either his
performance or his knowledge of Rule 412. It was ultimately for the trial court to make
the ultimate determination of admissibility. We again find no deficient performance by
trial counsel in light of the facts and circumstances underlying this issue. Issue Three is
overruled. 

 The final issue complains of error by the trial court in "exclud[ing] specific
instances of non-sexual contact" by using Rule 412. Under this issue, appellant refers us
to the offer-of-proof testimony of Natalia, as well as the offer-of-proof testimony of three
other witnesses, Felipa Cardenas, Alicia Cardenas, and Rachel Carranza. 

 In addition to Natalia's "examination" testimony out of the jury's presence, trial
counsel also presented the additional offer-of-proof testimony. The first of these
witnesses, Felipa Cardenas, appellant's sister-in-law, testified that Natalia would bring up
in conversations that she knew her children were virgins because she would "check them
frequently." Felipa further stated that Natalia told her she would lay the girls on the bed;
and that she [Natalia] would not allow her girls to drink sodas or eat candies because that
would make them itch and Natalia would have to "be checking them." The next witness,
Alicia Cardenas, another sister-in-law of appellant, testified that Natalia mentioned several
times that she "checked them to make sure they were virgins." Alicia recounted Natalia's
description as the girls would get on the bed and they would open their legs and she would
examine them with her hands to see if they were virgins. The last witness, Rachel
Carranza, an acquaintance of Natalia, stated that at a party Natalia "hollared [sic] out that
her children, they would - - what she did was check the children." Rachel further stated
that Natalia said "she would put her finger in there and check them out to make sure they
were virgins or not." The State questioned none of these three final witnesses and the trial
court made no ruling with regard to the admissibility of the proffered testimony. Prior to
offering the final three witnesses, trial counsel stated that he was offering their testimony
"pursuant to Rule 103 as an offer of proof on the ruling made yesterday on the certain
questions that I propounded to Mrs. Natalia Cardenas." The trial court made no comment
or ruling following this statement by trial counsel.

 A trial court's decision to admit or exclude evidence is reviewed under an abuse of
discretion standard. Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002); Burden
v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). An appellate court will not reverse
a trial court's ruling unless that ruling falls outside the zone of reasonable disagreement. 
Id. As was readily apparent from the sequence of events set out above involving trial
counsel's re-direct examination of Natalia, the trial court felt that trial counsel had, once
again, violated Rule 412 by failing to approach the bench prior to eliciting questions
concerning the victim's "past sexual behavior." (3) At trial, the State argued strenuously that
the provisions of Rule 412 had been violated. We presume that the exclusion of the offer-of-proof testimony of Felipa, Alicia, and Rachel was because of trial counsel's prior Rule
412 violation as recognized by trial counsel in his remark prior to calling the three women.
We will therefore address this issue accordingly, even though appellate counsel now argues
in Issue Four that Rule 412 is not applicable to the proffered evidence in question. (4)

 Before a trial court may admit Rule 412 evidence, it must find that the probative
value of said evidence outweighs the danger of unfair prejudice. See Tex. R. Evid.
412(b)(3). Appellate courts may uphold a trial court's ruling on any legal theory or basis
applicable to the case, but usually may not reverse a trial court's ruling on any theory or
basis that might have been applicable to the case, but was not raised. See Martinez v.
State, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002). In the instant case, after hearing
Natalia deny ever examining her daughters to check for their virginity, the trial court could
have decided that the value of allowing trial counsel to proceed with this line of inquiry
was more prejudicial than probative. With the trial court's proper refusal to admit
Natalia's "examination" testimony, the offer-of-proof testimony from Felipa, Alicia, and
Rachel became inadmissible hearsay not subject to any exception or exclusion. See Tex.
R. Evid. 801 & 803. The trial court did not err in refusing to admit any of the testimony
in question. Issue Four is overruled. The judgment and the sentence of the trial court are
affirmed.

 AFFIRMED. 


 ____________________________

 STEVE MCKEITHEN

 Chief Justice 



Submitted on April 3, 2003

Opinion Delivered April 16, 2003

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.


CONCURRING OPINION


 I concur in the result, but respectfully dissent to the analysis of issue four. Because
of the prior mistrial, every legal participant, the Judge and both attorneys, was extremely
sensitive about Rule 412 and potential violations. Tex. R. Evid. 412. Appellate counsel
identifies the Rule 412 problem in issues two and three but, perhaps inartfully, (5) couches
the issues under an ineffective assistance of counsel argument. Trial Counsel was
attempting, through the victim and her mother, to counter the State's medical evidence. 
The State presented testimony that the victim's medical examination had revealed her
hymen was not intact which indicated prior penetration. The Defense wanted to ask the
victim whether her mother had performed some type of pelvic examination to determine
her "virginal" status, but was not allowed to do so by the Trial Judge under Rule 412. (6) 
This was because the Defense had three witnesses who testified the mother had told them
of such examinations. This, in my opinion, was relevant, admissible evidence and the
denial of its admission was erroneous.

 However, the error was harmless. Tex. R. App. P. 44.2(b). Although appellant
denied the sexual assaults, there was ample evidence from the victim and others to connect
appellant with the sexual assaults. The excluded evidence would not, in my opinion, have
had a substantial effect on the jury.



 DON BURGESS

 Justice

Concurrence Delivered

April 16, 2003

Do Not Publish
1. See Ex parte Bauder, 974 S.W.2d 729 (Tex. Crim. App. 1998)("Bauder II");
Bauder v. State, 921 S.W.2d 696 (Tex. Crim. App. 1996)("Bauder I"). 
2. Rule 412 prohibits evidence of specific instances of an alleged aggravated sexual
assault victim's past sexual behavior unless it is evidence, inter alia, "necessary to rebut
or explain scientific or medical evidence offered by the State[.]" See Tex. R. Evid.
412(b)(2)(A). Rule 412 also sets out the procedure for offering such evidence: the
proponent must inform the trial court out of the jury's hearing prior to introducing such
evidence; the trial court then must conduct an in camera hearing, recorded by the court
reporter, to determine the admissibility of the proffered evidence under Rule 412(b); and 
the court shall determine what evidence is admissible and restrict questioning accordingly. 
Tex. R. Evid. 412(c). The trial court shall seal the record of the in camera hearing for
the appellate court in the event of an appeal. Tex. R. Evid. 412(c), (d).
3. We say "once again" because that was the apparent the basis for the trial court's
declaring a mistrial in the prior proceeding. 
4. Not lost on us is the fact that while appellate counsel's first three issues vigorously
argue that trial counsel's ineffectiveness for failing to fully understand and comply with
the provisions of Rule 412 cost appellant valuable explanation/rebuttal testimony, appellate
counsel's final issue complains the trial court erred because the explanation/rebuttal
testimony in question was not subject to the provisions of Rule 412. Lacking discretionary
review authority, we can only "dance with the one who brung us." 
5. No criticism of counsel is intended. 
6. This was an erroneous ruling because (1) the evidence was not an instance of the
victim's past sexual behavior - Tex. R. Evid. 412(a), or (2) it was evidence that was
necessary to rebut or explain scientific or medical evidence offered by the State. Tex. R.
Evid. 412(b)(2)(A).