# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00261-CR

**The State of Texas, Appellant**

**v.**

**Abdelilah Bounhiza, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT
## NO. D-1-DC-06-301558, HONORABLE MELISSA YOUNG GOODWIN, JUDGE PRESIDING

## O P I N I O N

This is an appeal from a trial court order granting appellee Abdelilah Bounhiza's motion for mistrial based on ineffective assistance of counsel. The trial court granted the motion after the jury found Bounhiza guilty of sexual assault, *see* Tex. Penal Code Ann. § 22.011(a)(1)(A) (West Supp. 2008), and before convening a punishment hearing. On appeal, the State contends that the trial court erred in granting a mistrial because: (1) Bounhiza did not present evidence establishing that his counsel provided ineffective assistance, and (2) even if Bounhiza's counsel provided ineffective assistance, the trial court should have chosen to impanel a new jury for a punishment hearing rather than grant a mistrial. Because we conclude that the trial court did not abuse its discretion in granting Bounhiza's motion for mistrial based on ineffective assistance of counsel, we affirm the trial court's order.

## BACKGROUND

Bounhiza was indicted for the sexual assault of his neighbor. His trial began in February 2008. Just prior to the start of trial, he filed an application for probation based on the fact that he had never been convicted of a felony in Texas or any other state. At the same time, he also informed the trial court that he wanted a jury to decide his guilt or innocence but wanted the court to assess his punishment if the jury found him guilty. The case was tried to a jury, and the jury found Bounhiza guilty.

After the trial court released the jury and before the court convened a punishment hearing, the parties realized that the trial court was statutorily prohibited from considering probation as a sentence.[1] *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 3g(a)(1)(H) (West Supp. 2008). The trial court called a hearing to discuss the issue, and defense counsel explained that he made a mistake based on a misunderstanding of the law and incorrectly advised Bounhiza to choose the court rather than the jury for punishment. Defense counsel further stated that Bounhiza would testify as to the following matters: that he relied upon his attorney's incorrect advice in choosing the court for punishment, that he was eligible for probation, and that he "was seeking probation." Bounhiza did not so testify. After hearing arguments from both parties, the trial court granted Bounhiza's motion for mistrial based on ineffective assistance of counsel. This appeal followed.

## JURISDICTION

The State is entitled to appeal in a criminal case as authorized by law. Tex. Const. art. V, § 26. Article 44.01 of the Texas Code of Criminal Procedure permits the State to appeal a

---

[1] Probation is now termed "community supervision." *See* Tex. Code Crim. Proc. Ann. art. 42.12 (West Supp. 2008).

trial court's order in a criminal case under limited circumstances, including when the order grants a new trial.[2]  *See* Tex. Code Crim. Proc. Ann. art. 44.01(a) (West Supp. 2008).  The Texas Court of Criminal Appeals has held that the State may also appeal when the trial court order is the functional equivalent of an order granting a motion for new trial.  *See State v. Savage*, 933 S.W.2d 497, 499 (Tex. Crim. App. 1996) (citing *State v. Evans*, 843 S.W.2d 576, 577 (Tex. Crim. App. 1992)).  In the case before us, because the trial court's order granting a mistrial returned the case to the posture it was in before trial, we can look past the label assigned to the order and treat the order as one granting a new trial.  *See id.*; *Evans*, 843 S.W.2d at 577; *State v. Boyd*, 202 S.W.3d 393, 401 (Tex. App.—Dallas 2006, pet. ref'd) (holding that court had jurisdiction over State's appeal from order granting motion for mistrial because order was functionally indistinguishable from order

---

[2]  The circumstances in which the State may appeal from a trial court order in a criminal case include when the order:

> (1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint;
>
> (2) arrests or modifies a judgment;
>
> (3) grants a new trial;
>
> (4) sustains a claim of former jeopardy;
>
> (5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case; or
>
> (6) is issued under Chapter 64.

Tex. Code Crim. Proc. Ann. art. 44.01(a) (West Supp. 2008).

granting new trial). As a result, the State had the right to appeal from the trial court's order, and we have jurisdiction over the appeal. *See Savage*, 933 S.W.2d at 499; *Evans*, 843 S.W.2d at 578; *Boyd*, 202 S.W.3d at 401.

## STANDARD OF REVIEW

Because the trial court's order was the functional equivalent of an order granting a new trial, we look to the standards governing the review of an order granting a new trial. *See Boyd*, 202 S.W.3d at 401; *Yates v. State*, 171 S.W.3d 215, 220-21 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). When the State appeals a trial court's order granting a motion for new trial, an appellate court reviews the trial court's decision under an abuse-of-discretion standard.[3] *See State v. Herndon*, 215 S.W.3d 901, 906 (Tex. Crim. App. 2007). We view the evidence in the light most favorable to the trial court's ruling and uphold the ruling if it is within the zone of reasonable disagreement. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). We do not substitute our judgment for that of the trial court; rather, we decide whether the trial court's decision was arbitrary or unreasonable. *Id*. Thus, a trial court abuses its discretion only when no reasonable view of the record supports the trial court's ruling or when the trial court acts in an arbitrary manner without reference to any guiding rules or principles. *See id.*; *Boyd*, 202 S.W.3d at 401.

## DISCUSSION

On appeal, the State raises two issues, asserting that: (1) Bounhiza did not present evidence establishing that his counsel provided ineffective assistance, and (2) even if Bounhiza's

---

[3] We would also use an abuse-of-discretion standard in reviewing a trial court's ruling on a motion for mistrial. *See Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).

4

counsel provided ineffective assistance, the trial court should have chosen to impanel a new jury for a punishment hearing rather than grant a mistrial. We address each issue in turn.

### *Ineffective Assistance*

In its first issue, the State contends that the trial court erred in granting a mistrial based on ineffective assistance of counsel because Bounhiza did not establish that defense counsel's error in advising him to go to the court for sentencing met the standards of ineffective assistance set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and *State v. Recer*, 815 S.W.2d 730, 731-32 (Tex. Crim. App. 1991). Specifically, the State argues that Bounhiza fails to establish that: (1) he was prejudiced by defense counsel's error as required under the second prong of *Strickland*, and (2) defense counsel's performance was deficient under the *Recer* standard.

We will address each standard separately, but first, we note that because the trial court's order is the functional equivalent of a motion for new trial, we do not apply either standard in a de novo fashion. Rather, we review the trial court's application of the standards through the prism of an abuse-of-discretion standard. *See State v. Kelley*, 20 S.W.3d 147, 151 (Tex. App.—Texarkana 2000, no pet.); *State v. Gill*, 967 S.W.2d 540, 542 (Tex. App.—Austin 1998, pet. ref'd). Thus, we must determine whether a finding of ineffective assistance of counsel was clearly wrong and outside the zone of reasonable disagreement. *Kelley*, 20 S.W.3d at 151.

### A. The *Strickland* Standard

To establish ineffective assistance under the *Strickland* standard, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness, and

5

(2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome of the proceeding. *Strickland*, 466 U.S. at 687-88; *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009). To establish deficient performance as a matter of law under the first prong, a defendant must show that no reasonable trial strategy could justify counsel's conduct. *Strickland*, 466 U.S. at 689; *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). A defendant establishes prejudice under the second prong if he shows that a reasonable probability exists that, but for the deficient performance, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 687-88, 694; *Ex parte Cash*, 178 S.W.3d 816, 818 (Tex. Crim. App. 2005). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694.

Bounhiza meets the first prong of the standard, that his counsel's performance fell below an objective standard of reasonableness, because defense counsel admitted on the record that his advice to Bounhiza to have the court assess punishment was a "mistake" and "based on [defense counsel's] misapprehension of the law." Thus, defense counsel conceded that his conduct was not part of a valid trial strategy and was therefore deficient. *See id.* at 689.

Regarding the second prong of the *Strickland* standard, that defense counsel's deficient performance prejudiced the defense, Bounhiza contends that he was prejudiced because defense counsel's mistake left him without an opportunity to receive probation. In response, the State contends that Bounhiza must show not that he lost the opportunity to receive probation but that there is a reasonable probability that his sentencing jury would have recommended probation had the issue been submitted to it. *See Cash*, 178 S.W.3d at 818. In *Cash*, the defendant alleged that his counsel was ineffective for filing an unsworn motion for probation and thus leaving him without the

6

possibility of probation in his murder trial. 178 S.W.3d at 816. The court of criminal appeals held that the defendant could not establish ineffective assistance of counsel because he could not establish that his sentencing jury would have recommended probation had the issue been submitted to it, especially considering that the jury sentenced him to forty years in prison, an amount considerably more than the ten-year limit for probation. *See id*. at 8; Tex. Code. Crim. Proc. Ann. art. 42.12, § 4(d)(1) (stating that defendant not eligible for probation if jury sentences him to more than ten years in prison).

Here, the offense for which Bounhiza was convicted was a second-degree felony with a punishment range of two to twenty years' imprisonment. *See* Tex. Penal Code Ann. § 12.33 (West 2003), § 22.011(f) (West Supp. 2008). Because the trial court granted a mistrial before a punishment hearing could be held, there is no sentence for us to review. However, the trial court's decision to grant a mistrial came after the court heard all of the evidence adduced at trial and considered the severity of the offense. The trial court could have concluded based on the evidence before it that there was a reasonable probability that Bounhiza's sentencing jury would have recommended probation if given the opportunity. *See Cash*, 178 S.W.3d at 818. Thus, we conclude that the trial court did not abuse its discretion in determining that Bounhiza was prejudiced by his counsel's conduct. *See Kelley*, 20 S.W.3d at 151.

## B. The *Recer* Standard

In addition to the *Strickland* standard, we must also review the trial court's application of the four-factor *Recer* standard. *Recer*, 815 S.W.2d at 731-32. In *Recer*, the Texas Court of Criminal Appeals held that to succeed on an ineffective assistance of counsel claim based on counsel's misunderstanding of the law related to probation, there must be more apparent from the

7

record than trial counsel's mere mistake.[4]  *Id*. at 731.  According to *Recer*, a defendant must show

that:  (1) he was initially eligible for probation; (2) counsel's decision was not part of a sound trial

strategy; (3) defendant's decision to not seek probation was based on counsel's erroneous advice;

and (4) defendant would have made a different decision if his counsel had correctly informed him

of the law.  *See id*. at 731-32.

Regarding the first factor, that Bounhiza was initially eligible for probation, Bounhiza

satisfies this factor because his pre-sentence investigation report indicates that he had never before

been convicted of a felony.[5]  *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 4(e) (stating that

defendant is eligible for probation if he has no prior felony convictions).  Bounhiza also satisfies the

second factor, that defense counsel's advice was not part of a valid trial strategy, because defense

counsel stated on the record that his advice to Bounhiza to have the trial court assess punishment was

a "mistake" and "based on [defense counsel's] misapprehension of the law."  Regarding the third

factor, that Bounhiza's decision to have the judge decide punishment was based on defense counsel's

---

[4] *Recer* was decided before the court of criminal appeals changed the standard of review for ineffective assistance claims affecting noncapital sentencing proceedings.  *See Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  However, the court of criminal appeals has not disavowed the four-factor *Recer* standard, and courts have continued to cite to the standard for claims of ineffective assistance of counsel based on counsel's misunderstanding of the law related to probation.  *See Isham v. State*, 258 S.W.3d 244, 252 (Tex. App.—Eastland 2008, pet. ref'd); *Warren v. State*, No. 03-04-00194-CR, 2006 Tex. App. LEXIS 1691, at *20-21 (Tex. App.—Austin March 2, 2006, no pet.) (mem. op., not designated for publication).  Thus, we will continue to reference the *Recer* standard until we hear differently from the court of criminal appeals.

[5] The State argues on appeal that Bounhiza was not eligible for probation because he filed a motion for probation that was unsworn.  *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 4(e) (West Supp. 2008); *Beyince v. State*, 954 S.W.2d 878, 880 (Tex. App.—Houston [14th Dist.] 1997, no pet.).  However, because the State did not raise this argument in the trial court, it waived the argument on appeal.  *See* Tex. R. App. P. 33.1(a)(1); *Aldrich v. State*, 104 S.W.3d 890, 895-96 (Tex. Crim. App. 2003).

erroneous advice, Bounhiza satisfied this factor because defense counsel stated on the record that Bounhiza would testify that he "relied upon [defense counsel's] advice." The fourth factor, that Bounhiza's decision would have been different if defense counsel had correctly informed him of the law, is not as clearly met as the others but is nonetheless supported by evidence in the record. For example, the record shows that Bounhiza knew he was eligible for probation and wanted to seek probation in the event he was convicted. Before trial, defense counsel spoke with the trial court about Bounhiza's desire to file a motion for probation, and Bounhiza did ultimately file a motion. After defense counsel later realized his error in advising Bounhiza to have the court assess punishment, he stated to the trial court that Bounhiza was "eligible for probation" and was "seeking probation." Thus, the trial court could have inferred that Bounhiza's desire to seek probation would have led him to choose the jury, rather than the trial court, for punishment if his counsel had correctly informed him of the law.

Given the evidence supporting each factor of the *Recer* standard and the abuse-of-discretion standard with which we must review the trial court's determination, we cannot conclude that the trial court's ineffective-assistance determination under the *Recer* standard was clearly wrong or outside the zone of reasonable disagreement. *See Kelley*, 20 S.W.3d at 151.

## C. Conclusion Regarding Ineffective Assistance

Because we conclude that the trial court did not abuse its discretion in determining that defense counsel's conduct constituted ineffective assistance of counsel, we overrule the State's first issue.

9

*Proper Remedy*

In its second issue, the State contends that even assuming ineffective assistance, the trial court erred in granting a mistrial rather than impaneling a new jury for a punishment hearing and giving the jury the option of recommending probation. The State raises two arguments in support of its position: (1) that the trial court had authority to call a new jury for punishment in this situation based on Texas Rule of Appellate Procedure 21.9(a), which directs a trial court to grant a new trial on punishment only if it determines that an error affects only punishment, and based on cases such as *State v. Boyd*, which hold that for jurisdictional purposes, a post-verdict order granting a mistrial is the functional equivalent of an order granting a new trial; and (2) that the trial court was required to impanel a new jury for a punishment hearing rather than grant a mistrial because doing so would have been a less drastic remedy than a mistrial. *See* 202 S.W.3d at 400-01. We address each argument separately.

## A. Trial Court's Authority to Call a New Jury for Punishment

We disagree that the trial court had the authority to call a new jury for a punishment hearing after learning of defense counsel's error. First, Texas Rule of Appellate Procedure 21.9(a) refers only to a trial court's authority to grant a *new trial* on punishment, not its authority to grant a *mistrial* on punishment. *See* Tex. R. App. P. 21.9(a). Even if the motion had been one for a new trial, a *new* trial necessarily assumes that a *previous* trial took place. Thus, the trial court had no authority to grant a new trial on punishment when an original trial on punishment had not yet been conducted. Second, we agree that courts have held that an order granting a post-verdict mistrial is the functional equivalent of an order granting a new trial, but they have done so only with regard to an appellate court's jurisdiction over the appeal or the applicable appellate standard of review in the

10

appeal. *See Savage*, 933 S.W.2d at 499; *Boyd*, 202 S.W.3d at 399-401. The State does not cite, and we have not found, any case law authorizing a trial court to treat a post-verdict motion for mistrial as a motion for new trial. Thus, we reject the State's first argument.

### B. Trial Court's Duty to Call New Jury for Punishment

The State also argues that the trial court erred in granting a mistrial because the trial court was required to consider and rule out less drastic alternatives before granting a mistrial, and impaneling a new jury for a punishment hearing was an available, less drastic alternative. In support of its argument, the State cites to *Ex parte Brown*, 907 S.W.2d 835 (Tex. Crim. App. 1995) and *Bauder v. State*, 921 S.W.2d 696 (Tex. Crim. App. 1996), overruled on other grounds by *Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). However, both cases are distinguishable from this case because they both address mistrials based on manifest necessity, and they both focus on how such mistrials fare in the context of the Double Jeopardy Clause. *See Brown*, 907 S.W.2d at 839; *Bauder*, 921 S.W.2d at 698. Here, the trial court granted the mistrial based on ineffective assistance of counsel, and there is no claim that the Double Jeopardy Clause bars Bounhiza from being tried again. Thus, *Brown* and *Bauder* do not apply to this case.

Even assuming they did apply, the trial court considered the option of impaneling a new jury for a punishment hearing and ruled it out. Before granting the mistrial, the court stated:

> I have a motion for mistrial that's before me right now, and I have a new statute that's not yet to have been interpreted that would seem to direct me, the new trial statute. It says it must grant a new trial on punishment only when that's where the error is. But we're not there yet. And this isn't an appellate court, I just can't jump ahead.

11

We have already determined that the trial court does not have authority to grant a new trial on punishment before a punishment hearing takes place or to treat a post-verdict motion for mistrial as a motion for new trial. The trial court was presented with an error that affected Bounhiza's rights, and the court considered the possibilities for remedying the situation. The court determined that the only feasible remedy was to grant a mistrial. Taking into consideration the lack of authority the trial court had for doing anything other than what it did, we do not find an abuse of discretion in the trial court's decision to grant Bounhiza's motion for mistrial. *See Kelley*, 20 S.W.3d at 151. Accordingly, we reject the State's second argument.

### C. Conclusion Regarding Remedy

Having concluded that the trial court was not authorized or required to impanel a new jury for a punishment hearing, we hold that the trial court did not abuse its discretion in declining to do so and in granting Bounhiza's motion for mistrial. We therefore overrule the State's second issue.

### CONCLUSION

Because the trial court did not abuse its discretion in granting Bounhiza's motion for mistrial, we affirm the trial court's order.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed:   August 21, 2009

Publish

12