# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-10-00547-CR
---

**Byron Munoz, Appellant**

**v.**

**The State of Texas, Appellee**

---
**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
NO. D-1-DC-10-200136, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING**
---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Byron Munoz of the offense of aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02(a)(2) (West Supp. 2010). The district court assessed punishment at eight years' imprisonment. In a single issue on appeal, Munoz asserts that he was denied counsel during the 30-day period for filing a motion for new trial. We will affirm the judgment.

## BACKGROUND

The State alleged that on or about January 8, 2010, Munoz intentionally, knowingly, or recklessly caused bodily injury to the victim by stabbing the victim with a deadly weapon, specifically, a knife. Following a jury trial, Munoz was found guilty as charged, and the case proceeded to punishment.

Munoz did not file an application for community supervision prior to trial or elect to have the jury assess punishment. Accordingly, punishment was assessed by the court. Defense counsel, in his closing argument, asked for probation or, in the alternative, a sentence "on the lower end of the range of punishment."[1] The State, in its closing argument, responded that because "this was a case involving a deadly weapon," Munoz was not eligible for probation "from the judge." *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3(g)(a)(2) (West Supp. 2010) (providing that judge cannot order community supervision in case in which it is shown that deadly weapon was used or exhibited during commission of offense). The district court agreed that Munoz was not eligible for probation and sentenced him to eight years' imprisonment. No motion for new trial was filed. However, Munoz timely filed a pro se notice of appeal and request for appointed counsel on appeal. The district court granted the request. This appeal followed.

**ANALYSIS**

In his sole issue on appeal, Munoz asserts that he was without adequate representation of counsel during the 30-day period in which he was entitled to prepare and file a motion for new trial. *See* Tex. R. App. P. 21.4(a). Munoz also claims that "if the record fails to affirmatively show that this was the case in actuality, it more than amply suffices to show constructive denial of

[1] Specifically, counsel urged the following:

Your Honor, Mr. Munoz is eligible for probation, and we would first ask the court to consider probation with any conditions that the court deems appropriate. And in the alternative, Mr. Munoz would ask for a sentence between two and five years on the lower end of the range of punishment. Since this would be his first felony conviction, we feel that that level of punishment would send the appropriate message to Mr. Munoz.

counsel." According to Munoz, this inadequate representation is shown by trial counsel's alleged misunderstanding of the law involving Munoz's eligibility for probation. *See* Tex. Code Crim. Proc. Ann. art. 42.12 (West Supp. 2010). Munoz asks this Court to "abate the present appeal and remand to the trial court to afford Appellant the opportunity to prepare and file a motion for new trial within thirty days from the date of this Court's order."

The United States Supreme Court has held, as a matter of federal constitutional law, that "appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." *Mempa v. Rhay*, 389 U.S. 128, 134 (1967). This includes the first appeal as of right. *See Douglas v. California*, 372 U.S. 353, 357 (1963). To ensure that a defendant's appellate rights are protected, the thirty days after a defendant's sentence has been imposed and during which a motion for new trial can be filed is also considered a critical stage. *See Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007); *see also Massingill v. State*, 8 S.W.3d 733, 736-37 (Tex. App.—Austin 1999, pet. ref'd) (explaining that in order to obtain meaningful appeal, sometimes defendant must prepare, file, present, and obtain hearing on motion for new trial and that it is unreasonable to require him to do so without assistance of counsel).

However, where a defendant is represented by counsel during trial, there exists a rebuttable presumption that trial counsel continued to adequately represent the defendant during the period for filing a motion for new trial. *Cooks*, 240 S.W.3d at 911. Also, when a motion for new trial is not filed in a case, there is a rebuttable presumption that such a motion "was considered by the appellant and rejected." *Id.* at 911 n.6 (citing *Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998)).

3

Additionally, even if the presumption of adequate representation is overcome, the deprivation of counsel during the period in which to file a motion for new trial is subject to a harmless-error analysis. *See Cooks*, 240 S.W.3d at 911-12; *Dyches v. State*, 382 S.W.2d 928, 930 (Tex. Crim. App. 1964). To establish harm in a case such as this, in which the defendant seeks to file a motion for new trial based on an allegation of ineffective assistance of counsel, the defendant must present more than a "conclusory allegation" that counsel was ineffective. Rather, he must present a "facially plausible claim" that "establish[es] reasonable grounds to believe that appellant's trial counsel was ineffective" and that sets forth how counsel's effective representation "reasonably could have changed the result of [the] case." *See Cooks*, 240 S.W.3d at 912.

We cannot conclude on this record that Munoz overcame the presumption that he was adequately represented by counsel during the period for filing a motion for new trial. In cases in which the presumption has been overcome, there is some evidence in the record that the defendant was not represented by counsel at some point during the 30-day period in which to file a motion for new trial. *See, e.g.*, *Cooks*, 240 S.W.3d at 911 (presumption rebutted by evidence "that appellant was unrepresented by counsel during the initial twenty days of the 30-day period, and appellate counsel's assertion in the Motion To Abate that there was not enough time after her appointment for her to adequately assist appellant in deciding whether to file a motion for new trial"); *Mashburn v. State*, 272 S.W.3d 1, 5 (Tex. App.—Fort Worth 2008, pet. ref'd) (record showed "gaps in representation" during which appellant was not represented by counsel); *Garcia v. State*, 97 S.W.3d 343, 348 (Tex. App.—Austin 2003, pet. ref'd) (presumption was inapplicable or was rebutted when trial counsel withdrew at trial court's suggestion and defendant filed pro se motion for new trial without aid of counsel); *Massingill*, 8 S.W.3d at 737 (record revealed that appellant "was without

4

counsel for more than half of the critical thirty-day period"). No such evidence exists in this case. The record contains no motion to withdraw by counsel, nor any indication that counsel orally requested to withdraw at the end of trial. In fact, Munoz concedes in his brief that "trial counsel never withdrew from representation during the 30-day period in which to file a motion for new trial." Additionally, the fact that Munoz timely filed a pro se notice of appeal is evidence that he must have been informed by counsel of at least some of his appellate rights. *See Oldham*, 977 S.W.2d at 363. Moreover, there is nothing in the record to overcome the presumption that Munoz, with the advice of counsel, had previously considered and rejected the option of filing a motion for new trial.

Munoz claims that the presumption of adequate representation is rebutted by evidence in the record that trial counsel, during the time period for filing a motion for new trial, "was still not in a position to offer fundamentally sound advice on the issue of Appellant's probation eligibility prior to trial." This evidence, Munoz contends, consists of testimony elicited during a hearing conducted two days after the conclusion of trial.[2] At this hearing, Munoz was asked questions by both the State and defense counsel regarding counsel's earlier request for probation from the district court:

[By the State]:

Q:      When we did the sentencing argument, there was some mention of probation.
         You never believed that you would be able to get probation from the judge;
         is that correct?

_____

[2] The purpose of this hearing, according to the district court, was to provide "clarity" on "some additional matters . . . that the State and the Defense have agreed to enter for purposes of our record."

5

A:      Correct.

Q:      And your lawyer never represented to you that Judge Kennedy would be able to give you probation, correct?

A:      Correct.

Q:      And, in fact, in the negotiations that we had, it was your understanding we were always talking about penitentiary time as far as a recommendation for punishment; is that correct?

A:      Yes, ma'am.

[By defense counsel]:

Q:      Mr. Munoz, during all of our time together, we never once talked about there even being a possibility of probation in this case; is that correct?

A:      Yes.

Q:      And, in fact, once the sentence came back guilty, you asked me to ask the State if they would agree to five years; is that correct?

A:      Yes, sir.

Q:      You never even thought of probation as a possibility?

A:      Correct.

Q:      But as your lawyer, you want me to do everything I can to make sure you get every opportunity available; is that right?

A:      Yes, sir.

Q:      And if I were wrong about you being not eligible for probation and you were, you would want me to ask the judge just to be sure that the judge made that determination for herself; is that correct?

A:      Yes, sir.


The district court then made the following inquiries of Munoz and defense counsel:

[The Court]: Okay. Let me ask you a question, sir, so I can clarify in my own mind. When you began this jury trial and made your decisions as far as who was going to do the punishment, you were aware before you made that decision as to who you were going to go to for punishment that I would not be able to give you probation if you were convicted of aggravated assault with a deadly weapon; were you aware of that?

[Munoz]: Yes, ma'am.

[The Court]: So there was no representation made to you by your lawyer that that could happen if I was the one who had to do the sentencing; is that correct?

[Munoz]: Yes, ma'am.

[The Court]: So when your attorney began to talk about probation in his argument—counsel, I will ask you this question—was that just a tactical, a strategic decision on your part to throw that out there at that point?

[Counsel]: Yes, Your Honor. At that point, I just wanted to—I had doubts whether I had made that determination that he was ineligible and so I wanted to have Your Honor confirm that for me by putting that out there to be sure that if you told me that he wasn't eligible, then I was right.

[The Court]: Okay. In the Court's file, however, there is not any application for probation that was filed. Was that because you all had already made the decision to go to the Court?

[Counsel]: Correct, and we did not think that he was eligible for probation.

[The Court]: Okay. So I just want to make sure, Mr. Munoz, that you are aware by not filing that application that it would have not been considered, even though I could not do it, it would not have been considered; do you understand that?

[Munoz]: Yes, ma'am.

[The Court]: And did you make that decision knowing that?

[Munoz]: Yes, ma'am.

7

According to Munoz, "One may gather from the discussions at this hearing that two days after the conclusion of Appellant's trial, his trial counsel still had not made a final determination as to Appellant's probation eligibility prior to trial, and he continued to presume that Appellant was not in fact eligible, whether from jury or judge."

The record does not reasonably support Munoz's interpretation. Nothing in the above exchanges suggests that counsel, during the period for filing a motion for new trial, was unaware of the law regarding Munoz's eligibility for probation. At most, some of the testimony suggests that counsel, *at the time of sentencing*, "had doubts" regarding Munoz's ineligibility for probation from the district court and confirmed Munoz's ineligibility, which is why during sentencing counsel asked the district court for probation prior to asking for a sentence on "the lower end of the range of punishment." However, there is no indication in the record that counsel's doubts persisted after the district court stated during sentencing that Munoz was not eligible for probation from the court.

Nor is there anything in the above exchanges demonstrating that counsel advised Munoz that he would not have been eligible for probation from the jury. Munoz emphasizes counsel's statements that "we never once talked about there even being a possibility of probation in this case," that Munoz "never even thought of probation as a possibility," and that "we did not think that he was eligible for probation." However, these statements must be considered in the context of the hearing in which they were made. The purpose of the hearing was to determine whether counsel had improperly advised Munoz that he would be eligible for judge-ordered probation. Considered in that context, the above statements tend to show that counsel did not believe that Munoz was eligible for judge-ordered probation and that he advised Munoz accordingly. There was also testimony elicited that tended to show that Munoz had made the decision to go to the court for

8

punishment with the understanding that the State was seeking penitentiary time, that Munoz had asked counsel to inquire if the State would agree to a term of five years, that Munoz was aware before he had made the decision as to who to go to for punishment that the court could not grant him probation, and that counsel had not filed an application for probation because he and Munoz had already decided to go to the court for punishment. No testimony, however, was elicited regarding Munoz's eligibility for jury-recommended probation or whether counsel had advised Munoz that he was not eligible for probation from the jury. And, even if counsel had so advised Munoz during trial, this would reveal nothing about whether counsel persisted in providing such advice during the period for filing a motion for new trial. In summary, nothing in the record of the post-trial hearing that concerned counsel's advice to Munoz prior to sentencing rebuts the presumption that counsel adequately represented Munoz during the period for filing a motion for new trial. *See Smith v. State*, 17 S.W.3d 660, 661-63 (Tex. Crim. App. 2000) (finding no denial of counsel during period for filing motion for new trial despite claims by appellant that counsel was ineffective during punishment phase of trial; reversing appeals court decision that held otherwise).

We also cannot conclude on this record that Munoz was "constructively denied" counsel during the relevant time period. Constructive denial of counsel occurs only if counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 659 (1984); *Cannon v. State*, 252 S.W.3d 342, 349 (Tex. Crim. App. 2008). "When a true adversarial criminal trial has been conducted—even if defense counsel may have made demonstrable errors—the kind of testing envisioned by the Sixth Amendment has occurred." *Cronic*, 466 U.S. at 656. Thus, even if the record demonstrated that counsel misunderstood the law relating to Munoz's eligibility for jury-recommended probation—which, as we explained above,

9

it does not—that would not be enough to rise to the level of constructive denial of counsel. Instead, the record would have to reveal that counsel essentially provided no representation to Munoz during the period for filing a motion for new trial. We find nothing in the record to suggest that this occurred. In fact, as we mentioned earlier, the filing in this case of a timely pro se notice of appeal suggests that counsel advised Munoz of at least some of his appellate rights. *See Smith*, 17 S.W.3d at 663.

Finally, even if Munoz had been denied counsel during the 30-day period for filing a motion for new trial, we could not conclude on this record that he was harmed. Again, Munoz must present a "facially plausible claim" that "establish[es] reasonable grounds to believe that appellant's trial counsel was ineffective" and that sets forth how counsel's effective representation "reasonably could have changed the result of [the] case." *See Cooks*, 240 S.W.3d at 912. To support a claim of ineffective assistance of counsel where the complaint is that counsel misunderstood the law regarding probation, "more must be apparent from the record than trial counsel's mere mistake." *State v. Recer*, 815 S.W.2d 730, 731 (Tex. Crim. App. 1991); *State v. Bounhiza*, 294 S.W.3d 780, 784 (Tex. App.—Austin 2009, no pet.). Additionally, a defendant must show that: (1) he was initially eligible for probation; (2) counsel's decision was not part of a sound trial strategy; (3) defendant's decision to not seek probation was based on counsel's erroneous advice; and (4) defendant would have made a different decision if his counsel had correctly informed him of the law. *Recer*, 815 S.W.2d at 731-32. Although at this point Munoz is not required to establish a prima facie case of ineffective assistance of counsel in order to show a "facially plausible claim" for relief, he must at least provide an affidavit or point to other evidence that he could present at a hearing on a motion for new trial which would show that "reasonable grounds" exist for granting

10

a new trial. *See Cooks*, 240 S.W.3d at 912; *Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994); *Reyes v. State*, 849 S.W.2d 812, 815-16 (Tex. Crim. App. 1993); *Massingill*, 8 S.W.3d at 738.

Here, the State does not dispute that Munoz was initially eligible for probation from the jury, and we find nothing in the record to suggest that he was not. However, Munoz has failed to show how, if he had filed a motion for new trial, he could have demonstrated that counsel's decision to go to the court for punishment was not part of a sound trial strategy, that his decision to not seek probation from the jury was based on counsel's erroneous advice, or that he would have made a different decision if counsel had correctly informed him of the law.

The evidence presented at trial tended to show that Munoz had stabbed the victim with a knife three times during a violent altercation. The record reveals that Munoz had a criminal history that included a prior assault and that at the time he committed this offense, he was on deferred adjudication for the felony offense of harassment of a public servant. The record also reveals that the State was seeking penitentiary time for this aggravated assault, which as charged was a second-degree felony punishable by up to 20 years' imprisonment. *See* Tex. Penal Code Ann. §§ 12.33(a), 22.02(b) (West Supp. 2010). Thus, if Munoz had gone to the jury for punishment, he could have received a lengthier sentence than the eight years that the district court assessed. And, if the jury had assessed punishment at a term that exceeded ten years' imprisonment, Munoz would not have been eligible for probation from the jury. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 4(d)(1). Absent evidence to the contrary, we must presume that counsel was aware of these possibilities when he advised Munoz on his punishment options. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984). Additionally, even assuming that counsel's advice on punishment fell

11

outside "the wide range of reasonable professional assistance," Munoz has not provided an affidavit or other evidence stating that his decision to go to the court for punishment was based on counsel's erroneous advice or that he would have otherwise gone to the jury for punishment if counsel had correctly informed him of the law. On this record, we cannot conclude that Munoz has presented a "facially plausible claim" of ineffective assistance of counsel.

We overrule Munoz's sole issue on appeal.

## CONCLUSION

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed:   June 15, 2011

Do Not Publish