# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
### NO. 03-11-00089-CR
---

**Gerardo De la Rosa, Appellant**

**v.**

**The State of Texas, Appellee**

---
### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-10-0089, HONORABLE MARK R. LUITJEN, JUDGE PRESIDING
---

### M E M O R A N D U M   O P I N I O N

A jury found Gerardo De la Rosa guilty of eleven counts of aggravated sexual assault of a child. The trial court assessed punishment at forty-five years in prison for each offense, with the sentences to be served concurrently. On appeal, appellant contends that the trial court erred by denying his motion for continuance of the punishment phase of trial and by failing to hold a hearing on his motion for new trial. We will affirm the judgment.

### BACKGROUND

We need not recount the testimony at the guilt-innocence phase of trial because neither issue on appeal concerns it. Appellant's issues require that we focus on events following the jury verdict finding him guilty.

Sometime after the guilt-innocence phase concluded on October 13, 2010, appellant's family sought to replace his retained trial counsel. They hired new counsel at 4 p.m. on November 1,

2010, just ahead of the scheduled punishment hearing on November 3, 2010. Appellant moved to substitute counsel and for a continuance of the punishment hearing. The trial court granted the motion to substitute.

The sole ground stated in the motion for continuance is that the new attorney needed more time to prepare. At the punishment hearing, the new attorney stated that he wanted more time to investigate appellant's family's questions about why former counsel did not call some witnesses who could cast doubt on the conviction and why he did not apply for probation for appellant. The new attorney stated that he also wanted more time to prepare for the punishment hearing. The trial court opined that the issues the new attorney wanted to explore were not punishment issues but were more suited to a motion for new trial or appeal. The court opined that the lack of preparation time was due to the attorney being hired less than two full days before the hearing—which was due to appellant's decision, not any deficiency in the trial court's scheduling of a three-week gap between the guilt-innocence and punishment phases of appellant's trial. The trial court denied the motion for continuance, but persuaded appellant's former counsel to assist the new attorney during the punishment phase.

After sentence was imposed, appellant filed a motion for new trial alleging that his guilt-innocence counsel was ineffective because (1) counsel failed to call witnesses who would have undermined the complainant's credibility, and (2) counsel incorrectly believed that appellant was ineligible for probation and, therefore, failed to advise appellant of that eligibility. No hearing was held on the motion for new trial and it was overruled by operation of law. *See* Tex. R. App. P. 21.8(c).

2

**DISCUSSION**

Appellant contends that the trial court erred by denying his motion for continuance and failing to hold a hearing on his motion for new trial.[1]

**Denial of continuance**

The denial of a motion for continuance rests within the trial court's sound discretion. *Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006). A defendant must show "specific prejudice to his defense" to establish that the trial court abused its discretion in refusing to grant a continuance. *Id.* Examples of specific prejudice include unfair surprise, an inability to effectively cross-examine witnesses, and the inability to elicit crucial testimony from potential witnesses. *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996). Courts deciding whether a continuance is necessary to the provision of competent counsel can consider factors such as the following: (1) the length of the delay requested, (2) whether other continuances were requested and whether they were denied or granted, (3) the length of time in which the accused's counsel had to prepare for trial, (4) whether another competent attorney was prepared to try the case, (5) the balanced convenience or inconvenience to the witnesses, the opposing counsel, and the trial court, (6) whether the delay is for legitimate or contrived reasons, (7) whether the case was complex or simple, (8) whether a denial of the motion resulted in some identifiable harm to the defendant,

---

[1] Although appellant contended in his motion for new trial that he received ineffective assistance of counsel, he does not assert ineffectiveness as a primary issue on appeal. His argument here related to that issue is that the trial court's denial of the continuance and failure to hold a hearing on the motion for new trial prevented him from fully presenting his claim of ineffective assistance at the trial court.

and (9) the quality of legal representation actually provided. *Ex parte Windham*, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982). A trial court abuses its discretion when it acts without reference to any guiding rules or principles or acts arbitrarily or unreasonably, or when its decision is so clearly wrong that it lies outside the zone of reasonable disagreement. *Gonzalez v. State*, 117 S.W.3d 831, 839 (Tex. Crim. App. 2003); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App.1990) (op. on reh'g).

Appellant has not demonstrated that the trial court abused its discretion based on the arguments presented at trial. In the motion for continuance, appellant requested more time to prepare for the punishment hearing. The discussion on the motion at the hearing concerned questions about why former counsel did not call some witnesses who could cast doubt on the conviction and why he did not apply for probation for appellant. These issues related to former counsel's previous performance, not preparation for the punishment hearing. There was no explanation why new counsel was hired almost three weeks after appellant was found guilty and less than two full days before the scheduled punishment hearing. Former counsel had begun preparing for the punishment hearing and stayed to assist new counsel. After the motion was denied, appellant's new attorney called and questioned witnesses on his behalf. There is no record of testimony relevant to punishment that appellant would have adduced had the court granted a continuance. A delay of the hearing would have imposed costs on the visiting trial judge and the complaining witness, as well as other witnesses who would have had to make themselves available again.

On appeal, appellant contends that he should have been granted a continuance because new counsel could have investigated whether appellant was eligible for probation, which would have revealed what appellant characterizes as the trial court's misunderstanding of the applicability of a change in the laws concerning probation eligibility. He contends that, with research during the continuance, he could have persuaded the court to grant a mistrial based on counsel's ineffectiveness due to incorrect advice regarding probation eligibility as occurred in *State v. Bounhiza*, 294 S.W.3d 780 (Tex. App.—Austin 2009, no pet.). Appellant does not explain why a continuance was necessary to present this argument to the trial court, nor does this argument show that the trial court abused its discretion by denying the motion for continuance based on the arguments presented to it. We also note that appellant was able to present essentially this argument in his motion for new trial filed a month after the punishment hearing, to no avail. We find no reversible error presented in the trial court's denial of the motion for continuance.

**Failure to hold a hearing on the motion for new trial**

Appellant complains that the trial court erred by not holding a hearing on his motion for new trial. Appellant, however, failed to preserve any error in the denial of the hearing for appellate review. The right to a hearing on a motion for new trial is not absolute. *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). Generally, a trial court should hold a hearing if the motion and attached affidavit raise matters that are not determinable from the record and that could entitle the accused to relief. *Id.*; *see also* Tex. R. App. P. 21.2. The requirement in Rule 21.6 that the defendant "must *present* the motion for new trial to the trial court within 10 days of *filing* it" requires something more than merely filing the motion. *See* Tex. R. App. P. 21.6 (emphases added);

*see also Rozell*, 176 S.W.3d at 230. To "present" the motion means to do something to bring it directly to the attention of the trial court or someone authorized to act on the court's behalf. *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998) (citing *id.* at 81 (Overstreet, J., concurring)). The presentation can be signified by a ruling on the motion, a signature or notation on the proposed order, a hearing date, or some other indication that the movant actually notified the trial court of the existence of the motion and did not simply file the motion with the clerk. *Id.*

"[A] reviewing court does not reach the question of whether a trial court abused its discretion in failing to hold a hearing if no request for a hearing was presented to it." *Rozell*, 176 S.W.3d at 230. We find no indication in the record or the briefs that the motion was presented to the trial court after it was filed with the clerk. Appellant, therefore, has not shown that he preserved our ability to review any error in the trial court's failure to hold a hearing on the motion for new trial. *See Rozell*, 176 S.W.3d at 230.

## CONCLUSION

Finding no reversible error presented, we affirm the judgment.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose, Goodwin

Affirmed

Filed: June 5, 2013

Do Not Publish

6