T. R. (PETE) BULLARD V. STATE.

No. 31,334. January 20, 1960.

*Shelton & Slagle,* Brownwood, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the possession of whisky and vodka for the purpose of sale in a dry area; the punishment, a fine of $500.

Proof was offered that Brown County was a dry area.

Inspector Ray of the Texas Liquor Control Board testified that as he and Deputy Sheriff Calder drove their car by the side of appellant's residence, he saw the appellant running along a path toward a creek with a paper sack under his arm; that appellant ran across the creek and crawled over a fence and he saw him throw the sack against the ground and run about 50 to 75 yards farther and stop; that he walked by the sack and on to the appellant; they returned together to where appellant threw the sack and he then told appellant to go back to the house. He further testified that he picked up the sack which contained broken glass, placed it in a pan and returned to the house; that there were four pint bottles, two of whisky and two of vodka in the sack; that the necks of the bottles, the labels and the seals were not broken and there appeared on the labels "Pebble Ford Whisky" and Eaaka Vodka;" and that the sack was wet and smelled like whiskey.

The testimony of Deputy Sheriff Calder substantially corroborates that of Inspector Ray.

Appellant did not testify but introduced testimony showing the terrain between the house and where the state's testimony shows he threw a sack, and that the height of the weeds around the creek prevented anyone near the house from seeing the sack thrown as the state contends.

The testimony of appellant's son on a former trial was read to the jury which was: that he saw Inspector Ray running by the

side of the creek but his father was not there; that later he saw his father and Inspector Ray, who had nothing in his hands, coming from the creek; and shortly Inspector Ray went across the creek and returned with a paper sack in his hand and took some glass out of it and placed in a cardboard box.

The evidence is sufficient to warrant the jury's conclusion that the appellant unlawfully had in his possession more than one quart of intoxicating liquor at the time and place as charged. Ward v. State, 160 Texas Cr. Rep. 232, 268 S.W. 2d 669.

Appellant complains of the refusal of the trial court to grant his motion for a continuance because of an absent witness.

The record does not show that the appellant presented the motion for a continuance which appears in the transcript to the trial judge or that it was acted upon by him. Therefore nothing is presented for review. 760e, V.A.C.C.P.; Perry v. State, 160 Texas Cr. Rep. 8, 266 S.W. 2d 171; Pierson v. State, 160 Texas Cr. Rep. 567, 272 S.W. 2d 901.

It is urged that the trial court erred in permitting the witnesses Ray and Calder to testify because they had violated the rule as to witnesses. These witnesses, shortly before the instant trial began, read a part of the transcript of the testimony of a defense witness given on a former trial which resulted in a mistrial because of a hung jury.

After a mistrial, the case stands as it did before the mistrial. Arts. 682 and 684 C.C.P.; Jones v. State, 3 Texas App. 575.

The record shows no abuse of discretion by the trial judge in permitting the witnesses to testify. Art. 645 C.C.P.

The judgment is affirmed.

Opinion approved by the Court.