

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. PD-0771-16, PD-0772-16 & PD-0773-16

### EX PARTE ANDREW PETE, Appellant

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

YEARY, J., delivered the opinion of the Court in which KELLER, P.J., and HERVEY, ALCALA, RICHARDSON, NEWELL and KEEL, JJ., joined. KEASLER, J., concurred in the result. WALKER, J., dissented.

## O P I N I O N

This case involves an appeal from a district court judge's denial of relief in a pre-trial application for writ of habeas corpus. Appellant was under indictment for three charges of aggravated sexual assault of a child, and, in a consolidated trial, a jury had found him guilty of those offenses. Having elected to go to the jury for punishment, Appellant chose to testify at that stage of trial. When he stood to approach the witness stand, it became apparent to the jury that he was shackled. Appellant asked for a mistrial, and the trial court took that request under advisement, meanwhile allowing the punishment proceedings to continue. After Appellant had testified on direct-examination, and following brief cross-examination by the

State, the trial court interrupted the proceedings to announce that it had decided to grant a mistrial—but only as to the punishment phase of trial. Before the trial court was able to empanel a new jury to assess punishment, however, Appellant filed a combined application for writ of habeas corpus and motion to reinstate his pre-trial bond. He argued that, by granting a mistrial, the trial court had necessarily restored the cases to their pre-trial status, and that he should therefore be released on bond pending trial. The trial court denied both the writ application and the motion.

On appeal from denial of the writ application, the court of appeals sustained Appellant's claim. In an unpublished opinion, it reversed the order denying habeas corpus relief and remanded the cases to the trial court for further proceedings—presumably to retry them from scratch, including a new guilt phase of trial. The court of appeals reasoned that, "[w]hen a mistrial is declared, the proceedings before the granting of the mistrial become legally ineffective, and the case stands as it did before the mistrial was declared." *Ex parte Pete*, Nos. 05-15-01521-CR, 05-01522-CR, & 05-15-01523-CR, 2016 WL 3344224, at *2 (Tex. App.—Dallas 2016) (memo. op., not designated for publication). For this proposition, the court of appeals ultimately relied upon this Court's opinion in *Bullard v. State*, 168 Tex. Crim. R. 627, 331 S.W.2d 222, 223 (1960), a case that was decided at a time before criminal prosecutions in Texas were bifurcated.[1] *Id*. We granted the State's petition for discretionary

---

[1] Although there is no constitutional right to have a jury assess punishment, Texas is one of the few states that confer a right to jury punishment, by statute. *Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006). Prior to the 1965 Code of Criminal Procedure, in a not-guilty plea in a felony case, the jury assessed both guilt and punishment in a unitary proceeding. *Barfield v. State*,

review to address the question whether, under our present bifurcated system, when irremediable error or misconduct occurs during a jury trial, but not until the punishment phase, trial courts should have the authority to grant a mistrial as to the punishment phase of trial only.

## BACKGROUND

Trial was consolidated on three indictments, charging Appellant with aggravated sexual assault on three different dates against the same victim. A jury found Appellant guilty on all three charges. Apparently, Appellant attempted to elect to have the jury assess his punishment.[2] At the conclusion of the State's case-in-chief at the punishment

---

63 S.W.3d 446, 449 (Tex. Crim. App. 2001). The innovation of bifurcation "was obviously designed to take the blindfolds off . . . when it came to assessing punishment." *Brumfield v. State*, 445 S.W.2d 732, 738 (Tex. Crim. App. 1969) (plurality opinion on reh'g). It is "true" that, at the time that bifurcation was enacted, "where the jury [was] selected to assess punishment and fails to agree on penalty, a mistrial shall be declared as to the entire case." *Id*. at 740. But the statute that so dictated has since been amended to provide that, when a jury hangs on the issue of punishment, "a mistrial shall be declared only in the punishment phase of the trial[.]" TEX. CODE CRIM. PROC. art. 37.07 § (3)(c). There is no comparable provision in the Code that provides for a mistrial as to punishment only when some irremediable defect occurs during the punishment phase of the bifurcated trial.

[2] We say "apparently" because, after the jury found Appellant guilty, the trial court conducted the punishment proceeding before the jury. But we cannot find in the clerk's record a written election of jury assessment of punishment, as required by Article 37.07, Section 2(b)(2). TEX. CODE CRIM. PROC. art. 37.07 § 2(b)(2). We do find a sworn motion in the clerk's record requesting that the jury impose community supervision. TEX. CODE CRIM. PROC. art. 42.12 § 4(d)(3) & 4(e). That can also be a sufficient way to invoke a defendant's statutory right to jury assessment of punishment, since punishment must also be assessed by the jury when the defendant has "filed his sworn motion for [jury-assessed] community supervision before the trial began[.]" TEX. CODE CRIM. PROC. art. 37.07 § 2(b)(1). *See Bullard v. State*, 548 S.W.2d 13, 18 (Tex. Crim. App. 1977) ("[I]n non-capital cases if the defendant files a motion requesting the jury to give him probation or if he elects in writing as provided by statute to have the jury pass on the issue of punishment, then a jury will determine the penalty to be assessed."). Unfortunately, the record seems to indicate that the motion for community supervision was not properly sworn to at the time it was filed, as required by Article 37.07, Section

phase, Appellant presented several witnesses, and then rose to take the stand to testify in his own behalf:

> THE COURT: Okay, Mr. Pete, come on up here to the witness stand.
>
> THE DEFENDANT: (Complies.)
>
> [PROSECUTOR]: Judge?
>
> [DEFENSE COUNSEL]: Judge, I forgot that --
>
> THE COURT: Okay.  Just -- you can testify from right here.
>
> [DEFENSE COUNSEL]: Can we instruct the jury to disregard that, I guess?
>
> [PROSECUTOR]: Can we ask that the jury please step out for a few minutes?
>
> THE COURT: Yes.
>
> THE BAILIFF: All rise.
>
> (Jury exits courtroom; 2:37 p.m.)

All parties then retired to chambers for an off-the-record discussion. At 3:35 p.m.—almost an hour later—the parties returned to the courtroom and, outside the jury's presence, Appellant's counsel announced that, "at this time, we have no choice but to move for a

---

2(b)(1). A hand-written notation appears at the top of the motion that indicates it was "[f]iled in open court" on a date before trial began, which would have made its filing timely. This notation appears to have been signed by the judge of the trial court. But the date of the clerk's file stamp at the bottom of the motion is the day after the punishment phase of trial occurred. Moreover, the jurat indicates that Appellant did not swear to the motion until the same date as the clerk's file stamp—the day after the punishment phase. Thus, though the motion was timely filed, it was not yet properly sworn at the time of its filing.

mistrial[.]" After further discussion on the record, during which it was revealed that the jury had witnessed Appellant in shackles, the trial court announced that it would take the motion for mistrial under advisement in order to "think about it."[3]

The jury returned, and Appellant testified on direct examination. Shortly after defense counsel passed Appellant to the State for cross-examination, the trial court interrupted the testimony, declaring that "we need to take a short break." After another recess that lasted forty-nine minutes, the parties reconvened in the courtroom, in the jury's absence, and the trial court announced for the record:

> THE COURT: . . . The Defense has made a motion for mistrial with regard to the punishment phase of this trial. I'm going to grant that motion for mistrial with regard to the punishment phase.

The jury was discharged without ever having retired to deliberate punishment. On the same day, the trial court also signed a written order granting the mistrial. The written order makes no mention of the scope of the mistrial.

When the trial court reset the cause for a new punishment phase, Appellant filed his combined application for writ of habeas corpus and motion for reinstatement of pre-trial bond. He argued that the trial court "lacked authority to order a mistrial as to punishment only" and that the trial court was therefore required to reinstate Appellant's bond. After hearing arguments, the trial court, with a different judge presiding, denied the combined pleading. Citing *State v. Stewart*, 282 S.W.3d 729 (Tex. App.—Austin 2009, no pet.), the

---

[3] From the prosecutor's remarks during this colloquy, we gather that Appellant was not placed in shackles until after the jury had found him guilty of the offenses.

trial court announced that it had the authority to grant a mistrial as to punishment only by virtue of Rule 21.9 of the Texas Rules of Appellate Procedure, which requires a trial court to limit its grant of a new trial (as opposed to a mistrial) to a new punishment phase when the only meritorious ground for new trial it finds is one that impacted only the assessment of punishment.[4] The trial court certified that Appellant was entitled to appeal from its order denying habeas corpus relief,[5] and Appellant filed a notice of appeal.

On appeal, the State argued that there is nothing in the Code of Criminal Procedure or the case law of Texas that would prohibit a trial court from granting a mistrial only as to the punishment phase of trial in any case in which irremediable error occurs only during that phase. Under the law as it currently stands, appellate courts are required to award new trials only as to punishment when they find that error occurred only during the punishment phase of trial. TEX. CODE CRIM. PROC. art. 44.29(b). Trial courts that find meritorious grounds for a new trial, but only with respect to the punishment phase of trial, are likewise required to

[4] *See* TEX. R. APP. P. 21.9(a) & (c) ("[A] court must grant only a new trial on punishment when it has found a ground that affected only the assessment of punishment. * * * Granting a new trial on punishment restores the case to its position after the defendant was found guilty."); *see also* TEX. R. APP. P. 21.1(b) ("*New trial on punishment* means a new hearing of the punishment stage of a criminal action after the trial court has, on the defendant's motion, set aside an assessment of punishment without setting aside a finding or verdict of guilt."). The court of appeals in *Stewart* did not purport to hold that a trial court had authority to grant a limited *mistrial*.

[5] Twice during the habeas proceedings, the trial court also expressed the view that "the defense would be estopped from arguing that they should get a new trial because they're the ones that asked for the mistrial in the first place[.]" Later the trial court elaborated: "I also feel like since you asked for it, you should be estopped from complaining about it at this proceeding. Now I think you will probably answer with that you would want to go all the way back to the not guilty portion, but I didn't read the motion for a mistrial that way and I don't believe the Court did either." The trial court nevertheless signed the certification of appeal.

grant a new trial only as to the punishment phase. TEX. R. APP. P. 21.9(a) & (c). While there is no comparable provision in the Code of Criminal Procedure or the Rules of Appellate Procedure governing mistrials based solely upon punishment phase mishaps, the State argues, we should nonetheless regard it as within a trial court's inherent authority to grant such a limited mistrial in the absence of any contradictory statute or rule.

The court of appeals rejected this view. Finding no provision comparable to Article 44.29(b) or Rule 21.9(a) and (c) that would regulate the scope of a mistrial for error occurring only during the punishment phase of trial, the court of appeals held that the trial court lacked the authority to grant such limited relief. Instead, when a trial court grants a mistrial, the court of appeals held, all of the prior proceedings "become legally ineffective, and the case stands as it did before the mistrial was declared." *Pete*, 2016 WL 3344224, at *2. For this proposition, the court of appeals primarily relied upon *Bullard*.[6] *Id*. It also cited *Hight v. State*, 907 S.W.2d 845, 846-47 (Tex. Crim. App. 1995), a case from this Court that preceded the advent of present-day Rule 21.9. *Pete*, 2016 WL 3344224, at *1. In *Hight*, we held that trial courts lacked authority to grant motions for new trial as to punishment only

---

[6] *Bullard*, in turn, cited *Jones v. State*, 3 Tex. App. 575, 580 (1878), an opinion of the Texas Court of Appeals. Both *Bullard* and *Jones* simply declared that, after a mistrial, the case "stands as it did before the mistrial." *Bullard*, 168 Tex. Crim. R. at 629, 331 S.W.2d at 223; *Jones*, at 580. Of course, under a unitary trial system, that necessarily meant returning the whole proceeding to square one. In a bifurcated proceeding, by contrast, granting a mistrial only as to the punishment phase for error that only affects that phase, while leaving the guilty verdict intact, likewise places the case in the same posture as "before the mistrial." There is no inherent reason to declare that *all* of the prior proceedings are rendered "legally ineffective," as the court of appeals did here. Were it otherwise, both Article 44.29(b) and Rule 21.9(a) & (c), providing for new punishment proceedings only, would be untenable.

because Article 44.29(b) only authorized appellate courts to grant new punishment hearings, not trial courts.[7] The court of appeals also cited an earlier intermediate appellate court opinion, *State v. Bounhiza*, 294 S.W.3d 780, 786 (Tex. App.—Austin 2009, no pet.), which continued to apply *Bullard*'s broad conception of mistrial—even after criminal trials in Texas became bifurcated—to hold that a trial court lacks authority to grant a mistrial as to punishment alone. *Pete*, 2016 WL 3344224, at *1. We granted the State's petition for discretionary review in order to decide whether a trial court may grant a mistrial limited to conducting a new punishment phase of trial.

## ANALYSIS

There is little to be found in the Code of Criminal Procedure that directly regulates the usage of mistrials in criminal cases in Texas.[8] Black's gives two definitions of "mistrial": "**1.** A trial that the judge brings to an end, without a determination on the merits, because of a procedural error or serious misconduct occurring during the proceedings. **2.** A trial that ends inconclusively because the jury cannot agree on a verdict." BLACK'S LAW DICTIONARY 1154 (10th ed. 2014). In a number of articles, the Code of Criminal Procedure addresses

---

[7] After Rule 21.9 was amended in 2007 to expressly require trial courts to grant new trials only as to punishment when appropriate, this Court recognized that *Hight* no longer controlled. "While we have previously held that a trial court may not grant a new trial solely on the issue of punishment, the reasoning for that rule no longer stands, and a trial court may indeed grant a new trial on punishment." *State v. Davis*, 349 S.W.3d 535, 537 (Tex. Crim. App. 2011).

[8] It is clear enough from the Code, however, that the Legislature contemplated that mistrials would sometimes occur. This is evidenced by Article 33.06, which provides for the disposition of a defendant's surety bond in the event that a felony prosecution should result in a mistrial. TEX. CODE CRIM. PROC. art. 33.06.

mistrials that fit within the latter definition, caused by a hung jury.[9] But in treating mistrials of the former variety, the Code gives little concrete guidance, and appellate courts have found themselves "obliged to resort to analogy." *Rodriguez v. State*, 852 S.W.2d 516, 518 (Tex. Crim. App. 1993). In *Rodriguez* itself, we had no specific code provision to consult when we held that a trial court retained the authority, once having granted a mistrial, to rescind that grant "so long as that remains a viable option under the circumstances." *Id*. at 520. Our manifest improvisation in *Rodriguez* suggests a recognition that mistrial practice in criminal cases in Texas is flexible and, by default, largely a creature of the common law, subject to regulation by judicial decision. *See* TEX. CODE CRIM. PROC. art. 1.27 ("If this Code fails to provide a rule of procedure in any particular state of case which may arise, the rules of the common law shall be applied and govern.").

That being so, there is no compelling reason to wait for regulatory authority in order to say what the appropriate scope of a mistrial ruling should be. So long as it makes sense for us to conclude that a mistrial for "procedural error or serious misconduct" affecting only the punishment phase of trial should only require a new punishment phase, and there is no statutory or regulatory impediment to our so holding, we are not constrained by the lack of an express provision in the Code of Criminal Procedure or the Rules of Appellate Procedure. We are free to recognize that cases such as *Bullard* and *Bounhiza*, holding that a mistrial necessarily wipes the entire slate clean, including the guilty verdict, are anachronistic—the

---

[9] *I.e.*, TEX. CODE CRIM. PROC. art. 36.31; art. 37.07, §§ 2(a) & 3(c); art. 37.11; art. 45.035.

product of our former unitary procedure in which a jury assessed guilt and punishment during the same phase of trial. We are not presently bound by those holdings. We think the State's methodology is the correct one to take under our current bifurcated scheme—to ask whether anything in the Code or the Rules would somehow *prohibit* a trial court from granting a mistrial limited to a new punishment phase of trial under appropriate circumstances.

We agree with the State that, in the abstract, it certainly makes sense to limit the scope of such a mistrial—for the same reason it makes sense to limit the scope of a grant of new trial based on punishment error alone, as required by Rule 21.9(a) and (c), or to limit the scope of appellate relief when the court of appeals perceives error affecting the punishment phase alone, as required by Article 44.29(b). If some error or misconduct occurring during the punishment phase of trial could have had no conceivable effect on the legitimacy of the jury's verdict with respect to a defendant's guilt, there is no compelling reason to repeat the guilt phase of trial. It would only serve to grant the defendant a gratuitous second chance at an acquittal. The only question is whether there exists any statutory or regulatory provision that would impede our holding as a matter of case law that such a limited mistrial is, not only desirable, but, in fact, permissible.

We do perceive one such impediment: a defendant's statutory right to have "the same" jury assess punishment as the one that assessed his guilt. *See State v. Doyle*, 140 S.W.3d 890, 895 & n.4 (Tex. App.—Corpus Christi 2004, pet. ref'd) (recognizing that granting mistrial as to punishment only would constitute an "infringement" that would be "unfavorable" to a

defendant's right to "the same" jury under Article 37.07, Section 2(b)). Under Section 2(b) of Article 37.07 of the Code of Criminal Procedure, a defendant may elect to have a jury assess his punishment. TEX. CODE CRIM. PROC. art. 37.07 § 2(b). The default under this provision is judge-assessed punishment, but a defendant may obtain jury punishment, at his option, "where [he] so elects in writing before the commencement of the voir dire examination of the jury panel," or timely files a sworn motion for jury-assessed community supervision. *Id*. Moreover, when he properly invokes this statutory right to jury-assessed punishment, "the punishment shall be assessed by *the same jury*, except as provided in Section 3(c) of this article [Article 37.07] and in Article 44.29." *Id*. (emphasis added). A defendant who has followed the procedural steps necessary to trigger his statutory right to jury assessment of punishment has the statutory right to have that punishment assessed by "the same" jury as the one that found him guilty. Section 2(b) of Article 37.07 admits of two—and only two—specifically delineated exceptions. While a mistrial based on a hung jury is one of those exceptions,[10] a mistrial of Black's Law Dictionary's other

---

[10] Section 3(c) of Article 37.07 reads:

> (c) If the jury finds the defendant guilty and the matter of punishment is referred to the jury, the verdict shall not be complete until a jury verdict has been rendered as to both the guilt or innocence of the defendant and the amount of punishment. In the event the jury shall fail to agree on the issue of punishment, a mistrial shall be declared only in the punishment phase of the trial, the jury shall be discharged, and no jeopardy shall attach. *The court shall impanel another jury as soon as practicable to determine the issue of punishment.*

TEX. CODE CRIM. PROC. art. 37.07 § 3(c) (emphasis added). The other delineated exception is Article 44.29, Subsection (b) of which provides for a new punishment proceeding in front of a different jury

variety—irremediable error or misconduct occurring during the punishment phase—is not.[11]

Granting a mistrial only as to the punishment phase of trial under these circumstances could very well violate a defendant's statutorily conferred right to have "the same" jury assess his punishment as previously found him guilty.

We do not believe, however, that this statutory right invariably presents an insurmountable obstacle to granting a mistrial as to punishment only in every conceivable case in which such a limited mistrial might otherwise be appropriate. The statutory right to assessment of punishment by "the same" jury is far from an indispensable feature of the criminal justice system. *See Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993) (describing "absolute requirements and prohibitions," which "are to be observed even without partisan request[,]" and which may be raised for the first time on appeal). Indeed, it is not even in the nature of a waiver-only right, which must be recognized and affirmatively

---

upon appellate reversal for trial error that occurs only at the punishment phase. TEX. CODE CRIM. PROC. art. 44.29(b).

[11] This would seem to be the quintessential context for applying the statutory construction aide *expressio unius est exclusio alterius*. This "maxim operates only when a comprehensive treatment of the subject matter is intended or when addressing an exception to a general rule." *Ex parte Campbell*, 267 S.W.3d 916, 923 (Tex. Crim. App. 2008). Section 2(b) of Article 37.07 provides such a general rule: that, upon proper invocation of his right to jury-assessed punishment, a defendant "shall" enjoy the benefit of "the same" jury to assess punishment as assessed his guilt. TEX. CODE CRIM. PROC. art. 37.07, § 2(b). It also provides two definite exceptions, and no others: (1) when there is a hung jury, under Section 3(c) of Article 37.07; and (2) when an appellate court finds error affecting the punishment phase only, under Article 44.29(b). *Id.* Section 2(b) of Article 37.07 clearly contemplates that, in any other scenario (including a non-hung-jury-mistrial), a defendant must still enjoy his right to "the same" jury. We think that in the context of this statutory scheme, "it is fair to suppose that [the Legislature] considered the unnamed possibility and meant to say no to it." *State v. Hill*, 499 S.W.3d 853, 866 n.29 (Tex. Crim. App. 2016) (quoting *Chase v. State*, 448 S.W.3d 6, 14 (Tex. Crim. App. 2014).

relinquished before it can be lost. *Id*. (a defendant does not waive such a right until he "says so plainly, freely, and intelligently, sometimes in writing and always on the record"). Rather, it is a right that is wholly subject to forfeiture, since it is lost by mere inaction. *Id*. at 279 ("forfeiture" is the loss of a right or claim by failing to insist on its implementation by request or objection). A defendant who has failed to properly invoke his right to jury sentencing in the first place, in the manner required by Section 2(b) of Article 37.07, may not later insist that he was deprived of his right to have the "same jury" assess punishment as assessed guilt.[12]

Moreover, there is no imaginable reason that the principle of invited error/estoppel should not also apply, where appropriate, to prevent a defendant—even a defendant who has followed the proper procedure to invoke his right to jury-assessed punishment—from later insisting that "the same" jury that found him guilty must also assess his punishment. A defendant who positively asks the trial court to grant a mistrial *that is limited to the punishment phase* may not be heard later to complain, after the trial court grants his request, that the limited mistrial compromised his right to have "the same" jury resolve both phases of his trial. *See Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (a party may not affirmatively seek some action in the trial court and then complain on appeal when the trial court complies with his request). That seems to be what happened here.

---

[12] And indeed, Appellant appears to have failed to timely invoke his right to have the "same jury" assess punishment in this case, given that his motion for community supervision was not sworn to "before the trial began," as required by Article 37.07, Section 2(b)(1). TEX. CODE CRIM. PROC. art. 37.07 § 2(b)(1). *See* note 2, *ante*.

At the point at which Appellant first requested a mistrial on the record, after an extended recess and an off-the-record discussion in chambers, he did not specify what he thought the appropriate scope of the mistrial should be. He did not expressly ask that the case be put back in a pre-guilt-phase posture. Of course, neither did Appellant affirmatively ask the trial court to grant a mistrial solely as to punishment. The mere failure to designate the scope of his requested mistrial cannot support a conclusion of invited error. *See Trejo v. State*, 280 S.W.3d 258, 260 (Tex. Crim. App. 2009) (a court may not infer invited error from a record that is simply silent with respect to whether the appellant requested the trial court to take the action he later complained about on appeal).

Later, however, after the trial court took the matter under advisement, and after another extensive break—during which any discussion of the scope of the mistrial that may have occurred was not memorialized on the record—the trial court made a pronouncement on the record with respect to the scope of the mistrial Appellant was requesting: "The Defense has made a motion for mistrial with regard to the punishment phase of this trial. I'm going to grant that motion for mistrial with regard to the punishment phase." Appellant did not speak up at this point to contradict the trial court's apparent assertion that Appellant himself had asked (perhaps at some point during off-the-record discussions) for a mistrial only to the extent of a new punishment phase. For all the record reveals, Appellant was content with the accuracy of the trial court's characterization.[13]

---

[13] *Cf. Loredo v. State*, 159 S.W.3d 920, 923-24 (Tex. Crim. App. 2004) (appellant failed to preserve error when the trial court explicitly made its ruling based upon a faulty memory of the voir

We have said that issues of procedural default are "systemic," by which we mean that an appellate court is not at liberty to reverse a case on the basis of a claim of trial error without first addressing any issue of preservation of error that may suggest itself from the record. *Gipson v. State*, 383 S.W.3d 152, 159 (Tex. Crim. App. 2012). We have also said that "[t]he law of invited error provides that a party cannot take advantage of an error that it invited or caused, even if such error is fundamental." *Woodall v. State*, 336 S.W.3d 634, 644 (Tex. Crim. App. 2011). When it appears that an intermediate appellate court may have reversed a conviction without addressing an issue of procedural default, we may address the issue for the first time ourselves, on discretionary review. *See, e.g.*, *Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014); *Ford v. State*, 305 S.W.3d 530, 532-33 (Tex. Crim. App. 2009); *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009); *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005). Because the record reflects without contradiction that Appellant in fact invited the trial court to conduct a fresh punishment hearing before a different jury, he should not be heard to complain about it in subsequent habeas corpus proceedings or on appeal.[14]

**CONCLUSION**

We reverse the judgment of the court of appeals and remand the cause to the trial

dire proceedings, but appellant's counsel took no action to call the trial court's attention to its mistake). Here, if the trial court mis-characterized the scope of Appellant's requested mistrial, Appellant did nothing to make the record speak the truth.

[14] It also seems clear that Appellant failed to timely invoke his right to have the "same jury" assess punishment in the first place. *See* notes 2 & 12, *ante*.

court for further proceedings consistent with this opinion.

DELIVERED:      April 26, 2017
PUBLISH