COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        In re Mid-Con Energy Operating, LLC, Mid-Con Energy Partners, LP, Republic Industrial and Energy Solutions LLC, and Quail Well Service, Inc.

Appellate case number:       01-20-00713-CV

Trial court case number:     2018-26435

Trial court:               61st District Court of Harris County

On October 16, 2020, relators, Mid-Con Energy Operating, LLC, Mid-Con Energy Partners, LP, Republic Industrial and Energy Solutions LLC, and Quail Well Service, Inc., filed a petition for writ of mandamus challenging the trial court's May 15, 2020 order denying relators' joint motion to compel independent medical examinations of real party in interest, Fernando Lawhon, and request for neuropsychological raw test data of real party in interest.

In connection with their petition for writ of mandamus, relators filed a "Motion for Stay Pending Ruling on Relators' Petition for Writ of Mandamus," requesting that this Court stay the trial court proceedings pending this Court's consideration of relators' petition for writ of mandamus. On October 19, 2020, real party in interest filed a response in opposition to relators' motion to stay.

In the underlying proceeding, relators sought an order from the trial court compelling real party in interest to submit to physical examination by their medical experts pursuant to Texas Rule of Civil Procedure 204.1. "To obtain an order compelling a physical examination, a movant must show that (1) the physical condition of the party the movant seeks to examine is 'in controversy' and (2) 'good cause' exists for the examination." *See In re Sanchez*, 517 S.W.3d 833, 834–35 (Tex. App.—Houston [1st Dist.] 2018, orig. proceeding). However, "[t]hese requirements cannot be satisfied by mere conclusory allegations of the pleadings–nor by mere relevance to the case." *In re H.E.B. Grocery, Co.*, 492 S.W.3d 300, 303 (Tex. 2016) (internal quotations omitted).

Relators' motion to stay fails to establish that there was "good cause" to require the physical examination of real party in interest. Further, relators' motion fails to identify with specificity either the nature of the relief sought or the need for a stay of trial court proceedings at this time, more than five months after the trial court's order was signed on May 15, 2020.

Accordingly, relators' motion to stay is **denied**.

Further, the Court requests a response to the petition for a writ of mandamus from real party in interest. The response if any, is due no later than fifteen days from the date of this order.

It is so ORDERED.


Judge's signature: _____/s/ Evelyn V. Keyes_____
                     ☑ Acting individually    ☐ Acting for the Court

Date: __October 27, 2020_____