

# NUMBER 13-21-00376-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE OMAR ALONSO

### On appeal from the County Court at Law No. 1
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Silva, and Peña[1]
### Memorandum Opinion by Justice Silva

Appellee Omar Alonso successfully sought post-conviction habeas relief from a conviction of one count of assault causing bodily injury, family violence, a Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 22.01(a)(1); TEX. CODE CRIM. PROC. ANN. arts. 11.072, 11.09. In one issue, appellant the State of Texas asserts the trial court

---

[1] The Honorable Leticia Hinojosa, former Justice of this Court, did not participate in this decision because her term of office expired on December 31, 2022. In accordance with the appellate rules, she was replaced on panel by Justice Lionel Aron Peña Jr. *See* TEX. R. APP. P. 41.1.

abused its discretion in granting Alonso's application because he failed to allege and prove facts entitling him to relief. However, because no statutorily required findings of fact and conclusions of law appear in the record, without addressing the merits of the issue raised in this appeal, we reverse the trial court's order setting aside Alonso's conviction and remand.

## I. BACKGROUND

On March 23, 2020, Alonso filed an application for a writ of habeas corpus seeking to set aside the order of deferred adjudication in cause number CR-16-05952-A[2] on the basis that his guilty plea had been involuntarily made because his court appointed trial counsel, Robert Capello Jr., was ineffective. Specifically, Alonso alleged that Capello never admonished him on the immigration consequences of pleading guilty to a misdemeanor assault charge. Alonso later filed an amended application, wherein Alonso additionally argued that his trial counsel had been ineffective in failing to ensure his competency to enter a plea. Affidavits signed by Alonso accompanied the filed applications.

At a hearing on his habeas application, Alonso testified that Capello never advised that a plea of guilty would carry deportation consequences. Alonso stated, "[Capello] did not tell me anything about the immigration [sic]. . . . He never told me anything about the consequences of pleading guilty." On cross-examination, Alonso also complained that neither the trial court nor Capello told him that, in pleading guilty, he would be subject to

---

[2] Alonso pleaded guilty pursuant to a plea bargain agreement to the offense as charged on July 19, 2016, and the trial court placed Alonso on deferred adjudication community supervision for a term of eighteen months. Alonso was ultimately discharged from his community supervision.

terms of community supervision. Alonso testified, "I pleaded guilty because [Capello] said I was going to go home quick." When asked if he thought he was "just going to plead guilty and they were going to let [him] go home and nothing was going to happen and that was the end of the case," Alonso answered in the affirmative.

Meanwhile, Capello testified that he admonished Alonso regarding the immigration consequences associated with entering a guilty plea. Capello opined that Alonso was informed of the possible immigration consequences but chose to go forward with his plea because "like a lot of the inmates, . . . [Alonso] just want[ed] to get out of jail."

At the close of the habeas hearing, the trial court concluded that because neither it nor Capello had admonished Alonso on the record, Alonso "may have not been aware . . . of the consequences" when he pleaded guilty. The trial court granted Alonso's application for writ of habeas corpus but expressed that it was "not making a determination that it is [Capello's] fault." Rather, the trial court's decision was predicated on the absence of on-the-record admonishments. Neither party requested findings of fact or conclusions of law. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a). This appeal followed.

## II.    JURISDICTION

At the outset, Alonso challenges this Court's jurisdiction, and a brief explanation of Article 11.072 procedures is necessary to understand Alonso's specific contention. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072.

Article 11.072 of the Texas Code of Criminal Procedure exists as a procedural mechanism by which an individual who is either serving a term of community supervision

3

or who has completed a term of community supervision in a felony or misdemeanor case may collaterally attack the order or a judgment of conviction ordering community supervision. *Id.* art. 11.072, § 1; *State v. Guerrero*, 400 S.W.3d 576, 582 (Tex. Crim. App. 2013). When such relief is sought, Article 11.072 is also the exclusive means by which the district courts may exercise their original habeas jurisdiction. *See Guerrero*, 400 S.W.3d at 582; *see also State v. Brent*, 634 S.W.3d 911, 916 (Tex. Crim. App. 2021) ("Plenary power does not create jurisdiction where none exists under the law; instead it is a phrase used to describe a court's full and absolute power over the subject matter and the parties in a case, which only exists as defined by statute or rule.") (cleaned up). The trial court's orders granting or denying in part or in full the applicant's requested habeas relief under Article 11.072 may then be appealed to intermediate appellate courts pursuant to Rule 31 of the Texas Rules of Appellate Procedure. TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8; TEX. R. APP. P. 31.1–.7.

In accordance with Article 11.072, an applicant "must challenge the legal validity of: (1) the conviction for which or order in which community supervision was imposed; or (2) the conditions of community supervision." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 2(b). The article further requires that the application "be filed with the clerk of the court in which community supervision was imposed," *id.* art. 11.072, § 2(a), and that clerk of the court "assign the case a file number ancillary to that of the judgment of conviction or order being challenged" at the time the application is filed. *Id.* art. 11.072, § 4(b).

In this case, although an ancillary cause number *was* assigned in relation to the original proceeding, CR-16-05952-A(W), all filings—Alonso's original application, his

4

amended application, the proposed order, and trial court's signed order—contain the original cause number CR-16-05952-A. Further, the State's timely notice of appeal concerns only the original cause number CR-16-05952-A.[3] Thus, Alonso contends, the State is attempting to appeal a void order—that is, an order issued in a cause which the trial court no longer has plenary power. In response to Alonso's jurisdictional challenge, the State maintains that "[c]ause number CR-16-05952-A(W) is not currently before the Court"; an incorrect cause number is insufficient to divest this Court of its jurisdiction, and we have the authority to sua sponte assign a new criminal cause number to create compliance with Article 11.072 to the extent it is necessary; and although the trial court's discharge of a defendant's community supervision "would normally divest jurisdiction from the trial court . . . , the Legislature has clearly extended the jurisdiction of a trial court for the limited purpose of hearing a writ of *habeas corpus* brought pursuant to Article 11.072." *See Ex parte Enriquez*, 227 S.W.3d 779, 783 (Tex. App.—El Paso 2005, pet. ref'd) ("We agree that a dismissal and discharge would normally divest jurisdiction from the trial court. However, in the context of applications for a writ of habeas corpus for individuals who have completed their term of community supervision, the Legislature has clearly extended the jurisdiction of a trial court for the limited purpose of hearing a writ of habeas corpus brought pursuant to Article 11.072.").

The parties do not dispute that this case presents an unusual procedural posture. In determining whether we have been presented with a non-prejudicial defect or one

---

[3] Alonso filed a supplemental clerk record during the pendency of this appeal, which contained the case summary for CR-16-05952-A(W). No order granting Alonso's petition under CR-16-05952-A(W) appears in the appellate record.

which begets the disruption of a trial court's plenary power and by extension, the invocation of our own jurisdiction, we look to analogous caselaw. Most recently, in *Mitschke*, the Texas Supreme Court held that non-prejudicial error following the misfiling of a timely motion for new trial—which listed the wrong cause number and was filed in the original cause number, not the severed cause—should be overlooked in favor of finding appellate jurisdiction. *Mitschke v. Borromeo*, 645 S.W.3d 251, 262–63 (Tex. 2022); *compare* TEX. R. APP. P. 26.1 (notice of appeal in civil cases), *with* TEX. R. APP. P. 26.2 (notice of appeal in criminal cases), *and* TEX. R. APP. P. 31.1(a) (requiring the implementation of the "same briefing rules, deadlines, and schedule" utilized in direct criminal appeals for habeas corpus appeals). In reaching its conclusion, the court considered the lack of animus behind the parties' misfiling, noting that "[n]othing suggests that the misfiling was done from trickery or to mislead anyone" and that there was no evidence to indicate how the misfiling could have prejudiced the oppositional party. *Mitschke*, 645 S.W.3d at 263. The court ultimately held that our sister court's refusal to find appellate jurisdiction in the face of a non-prejudicial procedural defect was "inconsonant" with the state's jurisprudence. *Id.* at 266.

The Texas Court of Criminal Appeals has likewise declined to elevate errors of non-prejudicial form over substance when making an appellate jurisdiction determination. *Williams v. State*, 603 S.W.3d 439, 448 (Tex. Crim. App. 2020); *see generally Harkcom v. State*, 484 S.W.3d 432, 434 (Tex. Crim. App. 2016) ("The Rules of Appellate Procedure should be construed reasonably, yet liberally . . . to prevent trivial, reparable mistakes or defects from divesting appellate courts of the jurisdiction to consider the merits of both

6

state and defense appeals in criminal cases."). In *Gonzales v. State*, the court concluded that our sister court had erred in dismissing an appeal for want of jurisdiction where the defendant listed one cause number on his notice of appeal, omitting three other cause numbers he had intended to appeal. 421 S.W.3d 674, 675 (Tex. Crim. App. 2014). As in *Mitschke*, the *Gonzales* court considered the parties' shared misunderstanding, observing that "[a]ll parties involved understood the appellant's desire to appeal all four convictions and notice was not an issue." *Id.*; *Few v. State*, 230 S.W.3d 184, 186–90 (Tex. Crim. App. 2007) (concluding a notice of appeal that referenced the original case number under which the defendant had been indicted rather than the case number under which he had been re-indicted and ultimately convicted, was mere clerical error that did not deprive the intermediate court of jurisdiction).

Peculiarly, Alonso and the State utilized the incorrect cause number in all filings, and Alonso—not the State—drafted the order containing the incorrect cause number that is now being challenged on appeal. *Cf. Ex parte Pete*, 517 S.W.3d 825, 833 (Tex. Crim. App. 2017) (applying the "law of invited error" doctrine, which prohibits a party from raising an appellate error of an action it invited or caused). Though an ancillary cause number was assigned here, the clerk's record and reporter's record indicate that all parties proceeded as if the ancillary cause number simply did not exist. "It seems implausible that prejudice was even possible under these facts." *See Mitschke*, 645 S.W.3d at 263. Accordingly, while we neither assume nor decide that the complained of error (i.e., proceeding under the incorrect cause number) was intentionally invited by Alonso, we decline to conclude that the State should be barred from timely appealing the habeas

order containing the incorrect cause number on these facts. *See Few*, 230 S.W.3d at 188–190; *Pena v. State*, 323 S.W.3d 522, 526 (Tex. App.—Corpus Christi–Edinburg 2010, no pet.) ("Dismissal for an incorrect cause number, unlike a defective certification where there is no underlying right of appeal, bars an appeal based on a purely procedural error, rather than a substantive restriction."); *see also Ex parte Espinoza*, No. 02-15-00074-CR, 2015 WL 1967230, at *1 (Tex. App.—Fort Worth Apr. 30, 2015, pet. ref'd) (mem. op., not designated for publication) (assigning sua sponte a criminal cause number on appeal where the trial court clerk had mistakenly assigned an application under § 11.072 a civil cause number and the appeal arose from the civil cause number). The existence of the wrong cause number affixed to a habeas corpus order and related notice of appeal is, under these facts, merely a non-prejudicial form defect.

Thus, the trial court's habeas jurisdiction remaining unaffected by the erroneous cause number, and this Court having jurisdiction following a timely filed notice of appeal, we next address whether we are nonetheless precluded from reaching the merits of the State's sole issue because findings of fact and conclusions of law do not accompany the trial court's order.

### III.   ARTICLE 11.072

"[T]he writ of habeas corpus is an extraordinary remedy that is available only in the absence of an adequate remedy at law." *Ex parte Beck*, 541 S.W.3d 846, 852 (Tex. Crim. App. 2017); *see* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1. Under Article 11.072, the applicant "bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief." *Ex parte Lalonde*, 570 S.W.3d 716, 725 (Tex. Crim. App. 2019)

8

(citing *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002)). Where, as here, the habeas applicant's challenge is predicated on a Sixth Amendment claim of ineffective assistance of counsel, an applicant must show the following by a preponderance of the evidence: (1) "counsel's performance was deficient" in that counsel "failed to satisfy an objective standard of reasonableness under prevailing professional norms"; and (2) the applicant was prejudiced as a result of counsel's errors in that, but for those errors, there is a reasonable probability of a different outcome. *Ex parte Bowman*, 533 S.W.3d 337, 349–50 (Tex. Crim. App. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). An applicant's claim fails unless he proves both prongs of the *Strickland* standard by a preponderance of the evidence. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

Article 11.072 additionally imposes an obligation on the trial court, requiring that the court "enter a written order including findings of fact and conclusions of law." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a); *see Ex parte Reyes*, 474 S.W.3d 677, 679 (Tex. Crim. App. 2015) (acknowledging that Article 11.072 requires that written findings of fact and conclusions of law accompany its order granting or denying habeas relief sought); *see also Ex parte Garcia*, No. 13-16-00462-CR, 2018 WL 1545505, at *2 (Tex. App.—Corpus Christi–Edinburg Mar. 29, 2018, no pet.) (mem. op., not designated for publication) ("[T]he court's written order granting or denying relief must include findings of fact and conclusions of law."). "[T]he trial judge is the *sole* fact[]finder" in Article 11.072 cases, and appellate courts have little "leeway in these cases to disregard the habeas court's findings." *Diamond v. State*, 613 S.W.3d 536, 545 (Tex. Crim. App. 2020). We will

9

uphold the trial court's ruling absent an abuse of discretion. *Id.*; *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).

Here, the trial court's order reads in its entirety as follows:

> On this the 27[th] day of September 2021 came to be heard Petitioner's Omar Alonso Writ of Habeas Corpus requesting to set aside a conviction on the above matter. After hearing the evidence and argument of counsel, the Court is of the opinion to set aside the conviction[ i]n CR-16-05952-A, THE STATE OF TEXAS VS OMAR ALONSO.
>
> IT IS THEREFORE ORDERED AND DECREED that THE STATE OF TEXAS VS OMAR ALONSO IN CAUSE NO CR-16-05952-A conviction be set aside.

The trial court did not include any findings of fact and conclusions of law in its order. Therefore, the trial court did not follow the procedures set forth in Article 11.072. *See Ex parte Becciu*, 615 S.W.3d 482, 491 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *see also Ex parte Garcia*, 2018 WL 1545505, at *3 (reversing and remanding where the trial court failed to include findings of fact and conclusions of law in its order); *Ex parte Garcia*, No. 13-18-00607-CR, 2021 WL 6014664, at *5 (Tex. App.—Corpus Christi–Edinburg Dec. 21, 2021, pet. ref'd) (mem. op., not designated for publication) (observing the same).

Without addressing the merits of the issue raised in this appeal, we reverse the trial court's order setting aside Alonso's conviction and remand for proceedings consistent with this opinion. These remand proceedings may or may not include the ordering of additional affidavits, depositions, interrogatories, or a hearing, *see* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 6(b), but shall include a written order either denying the application on the grounds that it is frivolous, or a written order granting or denying the application which includes findings of fact and conclusions of law as required by statute. *Id.* Following

10

proceedings on remand, should either party desire to appeal the trial court's order, new notices of appeal will be required. *See Ex parte Cherry*, 232 S.W.3d 305, 308 (Tex. App.—Beaumont 2007, pet. ref'd); *see also Ex parte Garcia*, 2018 WL 1545505, at *3.

## IV.   CONCLUSION

We reverse the trial court's order setting aside Alonso's conviction and remand for proceedings consistent with this memorandum opinion.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
6th day of April, 2023.