

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00419-CR

_____

CARLOS PEREZ CASTRO, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1754671

---

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Opinion by Chief Justice Sudderth

# OPINION

Appellant Carlos Perez Castro was indicted on six counts of aggravated sexual assault of a child and three counts of indecency with a child by contact. He pleaded not guilty to all charges, and after signing a "Waiver of Jury," the trial court found Castro guilty of all but one count of indecency with a child by contact. The trial court then sentenced him to 35 years' confinement for each of the six aggravated-sexual-assault convictions and 20 years' confinement for each of the two indecency-with-a-child convictions.

In one issue on appeal, Castro complains about the trial court's assessment of punishment: "Appellant was denied due process because the record does not show he was aware he had a statutory right to a separate jury trial on punishment when he pled not guilty to the Court and signed a waiver of a jury trial." Because Castro's issue contains the false premise that he had a statutory right to jury-assessed punishment in these circumstances, we will affirm.

## Background and Proceedings[1]

The record shows that Castro waived his right to a jury trial. First, at a *Faretta*[2] hearing on the eve of trial, Castro unequivocally expressed a desire to have his case

---

[1]We need not recite the facts of this case because they are not germane to this appeal.

[2]A *Faretta* hearing is "a hearing to ensure a criminal defendant's decision to waive counsel is made knowingly and intelligently, as required by the United States Supreme Court in *Faretta v. California*." *Webb v. State*, 36 S.W.3d 164, 177 n.4 (Tex.

2

heard by the trial judge rather than a jury.[3]  On that same day, the record indicates that

Castro, his trial attorney, and the prosecutor signed a written jury waiver stating:

> The Defendant, along with his counsel, appeared before the court, and waives his right to a jury trial to proceed on this case with a trial to the judge of this court.

> The State also waives their [sic] right to a jury and to try the case before the judge of this court.

Castro does not take issue with his waiver of trial by jury at the guilt–innocence phase

of trial.  Rather, Castro's sole complaint on appeal is that he was not aware of his right

to a jury for the punishment phase of trial at the time that he waived his right to trial

by jury for the guilt–innocence phase.

### Discussion

As Castro concedes in his brief, while a criminal defendant enjoys the

constitutional right to a trial by jury at the guilt–innocence phase of trial, this

constitutional right does not extend to punishment.  *Barrow v. State*, 207 S.W.3d 377,

380 (Tex. Crim. App. 2006).  Without a constitutional right to jury-assessed

---

App.—Houston [14th Dist.] 2000, pet. ref'd) (op. on reh'g en banc) (citing *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525 (1975)).  At the conclusion of this *Faretta* hearing, Castro decided against representing himself, responding to the court, "I'll keep the help of [appointed defense counsel]."  That same attorney represented Castro at trial.

[3]After having explained to Castro his options of "throw[ing himself] at the mercy of a judge or a jury" and "fight[ing] the case[], in front of a jury or [the trial court judge]," the trial judge asked Castro if he wanted to "do this in front of a jury or do you want to fight it in front of me?"  Castro replied, "Only in front of the Judge."

3

punishment, the question becomes whether such a right has been conferred by statute. And, in some situations, the Texas Code of Criminal Procedure does provide a statutory mechanism which allows criminal defendants to opt for jury assessment of punishment. *See* Tex. Code Crim. Proc. art. 37.07, § 2(b). Article 37.07, Section 2(b) provides for jury-assessed punishment in two situations: (1) when "the jury may recommend community supervision and the defendant filed his sworn motion for community supervision before the trial began," and (2) in other cases where "the defendant so elects in writing before the commencement of the voir dire examination of the jury panel." *Id.*

Under the facts of this case, however, Castro cannot rely on Article 37.07 to confer a statutory right to jury-assessed punishment for two reasons. First, he neither filed a sworn motion for community supervision nor elected for jury-assessed punishment in writing, and his failure to do so results in forfeiture of this statutory right.[4] Second, and most important, as both the plain language of the statute and the

---

[4]If a criminal defendant fails to invoke this statutory option, the default is for judge-assessed punishment. *Ex parte Pete*, 517 S.W.3d 825, 831 (Tex. Crim. App. 2017). As the Court of Criminal Appeals explained in *Pete*, "[a] defendant who has followed the procedural steps necessary to trigger his statutory right to jury assessment of punishment has the statutory right to have that punishment assessed by [a] jury." *Id.* But as the Court further explained, this statutory right is not a "waiver-only right, which must be recognized and affirmatively relinquished before it can be lost." *Id.* at 832. "Rather, it is a right that is wholly subject to forfeiture, since it is lost by mere inaction." *Id.* Thus, "[a] defendant who has failed to properly invoke his right to jury sentencing in the first place, in the manner required by Section 2(b) of Article 37.07, may not later insist that he was deprived of his right to have [a] jury assess punishment." *Id.* (internal quotation marks omitted). Here, there is no

4

Court of Criminal Appeals have made clear, the statutory right to jury-assessed punishment under Article 37.07 applies only to defendants who plead not guilty before a jury, and it does not apply when a defendant waives a jury at the guilt–innocence phase and elects to have the guilt–innocence phase tried by the court. Tex. Code Crim. Proc. art. 37.07, § 2(a) (stating that it applies to cases "which are tried before a jury on a plea of not guilty"); *Barfield v. State*, 63 S.W.3d 446, 449–50 (Tex. Crim. App. 2001) (holding that Article 37.07, Section 2 "is applicable only to pleas of not guilty before a jury" and "ha[s] no application to a trial before the court on a plea of not guilty");[5] *Courtney v. State*, 424 S.W.2d 440, 443 (Tex. Crim. App. 1968) ("Article 37.07 . . . ha[s] no application to a trial before the court on a plea of not guilty."); *Morales v. State*, 416 S.W.2d 403, 405 (Tex. Crim. App. 1967) ("Article 37.07, Section 2(b) . . . is applicable only to pleas of not guilty before a jury."). To the extent that

indication in this record that Castro took the procedural steps necessary to trigger any statutory right to a jury determination of punishment, to wit: he did not "elect[] in writing before the commencement of the voir dire examination of the jury panel" to have a jury, rather than a judge, assess his punishment. Tex. Code Crim. Proc. art. 37.07, § 2(b). Indeed, at no point did Castro even suggest that he wanted a jury trial at the punishment phase.

To the extent that Castro relies on a series of cases from our sister court that predate and hold contrary to *Pete*—characterizing the statutory right to a jury trial on punishment as a "waivable only" right—we disagree. *See Norman v. State*, 359 S.W.3d 283, 284 & n.2 (Tex. App.—Texarkana 2012, pet ref'd); *Smith v. State*, 223 S.W.3d 690, 692–95 (Tex. App.—Texarkana 2007, no pet.).

[5]Neither Castro nor, more disappointingly, the State discussed or cited *Barfield* in their briefing.

this court has implied otherwise, we disapprove of such an implication. *See Cutler v. State*, No. 02-15-00295-CR, 2016 WL 2586782, at*3 (Tex. App.—Fort Worth May 5, 2016, no pet.) (mem. op., not designated for publication) (distinguishing its facts from those in *Smith*, 223 S.W.3d at 692–95, based upon the language used in the jury waiver rather than the fact that *Smith* involved a guilty plea, while its facts involved a plea of not guilty in a case tried to the bench).

In sum, Castro enjoyed no constitutional right to a jury-assessed punishment. *Barrow*, 207 S.W.3d at 380. And because Castro pleaded not guilty and the case was tried to the bench, Castro cannot rely on Article 37.07, Section 2(b) as a source of a statutory right to jury-assessed punishment in his case. *See Barfield*, 63 S.W.3d at 449–50. In his brief, Castro cites to no other statutory authority for jury-assessed punishment in these circumstances, and we find none. Because the linchpin of Castro's argument—which relies upon the premise that he "had a statutory right to a separate jury trial on punishment when he pled not guilty to the Court and signed a waiver of a jury trial"—is erroneous, we overrule his sole issue on appeal.

## Conclusion

For the foregoing reasons, we affirm the trial court's judgment.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Publish
Tex. R. App. P. 47.2(b)

6

Delivered:  June 25, 2026