Per curiam.
OPINION
This is an application for a writ of habeas corpus filed pursuant to Texas Code of Criminal Procedure article 11.071.[1] In an opinion issued on February 8, 2017, we considered the preliminary issue of the judicial authority of the judge who presided over the habeas proceedings in this case. Ex parte Thuesen , 546 S.W.3d 145, 2017 WL 510563, No. WR81,584-01, 2017 Tex. Crim. App. LEXIS 185 (Tex. Crim. App. Feb. 8, 2017). The judge at issue signed an order voluntarily recusing himself from presiding over applicant's habeas proceedings. He then sought and obtained the appointment of a replacement judge, but subsequently signed an order purporting to restore his own judicial authority to preside over the case.[2] For reasons stated *159 in the opinion, we held that the judge did not have authority to take any further action after signing the voluntary recusal order. We therefore restored the matter to its position immediately following the replacement judge's assignment to the case and remanded it to the trial court for further proceedings.
Applicant subsequently filed a motion to rehear that decision and a motion to stay the proceedings in the lower court pending the rehearing. On May 3, 2017, we stayed the proceedings below and granted rehearing. Ex parte Thuesen , No. WR-81,584-01, 2017 WL 2131777 (Tex. Crim. App. May 3, 2017) (not designated for publication).
Having considered applicant's motion, we now conclude that the motion was improvidently granted. We deny applicant's motion for rehearing and lift the stay of the lower court proceedings. No further motions for rehearing will be entertained.
Alcala, J., filed a dissenting opinion in which Walker, J., joined.
Alcala, J., filed a dissenting opinion in which Walker, J., joined.
This case involves review of the initial state habeas application filed by John Thuesen, applicant, a former Marine who has been sentenced to death for capital murder and who has received a favorable recommendation from the elected trial court judge indicating that he should be granted a new trial on punishment. Today, this Court disregards that favorable ruling by the trial court judge and, instead, agrees with the State's current position that, because of missing administrative paperwork, that trial court judge could not properly preside over these habeas proceedings. The State, however, took the opposite position before this judge ruled against it, and I conclude that the State should be bound by its original position. The State's flip-flop about its position-agreeing to have Judge Travis Bryan preside over the habeas case before he ruled against the State and then complaining about him having presided over the case after he ruled against the State-appears to be the type of gamesmanship or manipulation by parties that has no place in death penalty proceedings. Given that Judge Bryan is the elected judge of the court to which this case was assigned, and given that the parties agreed that he should preside over the case because he was not biased or subject to recusal from the case, I would hold that any paperwork error in the reinstatement of Judge Bryan to this case may be properly disregarded on the basis that it was invited error. I, therefore, would address the substantive merits of the arguments asserted by applicant on rehearing, issue a new opinion holding that Judge Bryan was authorized to preside over this habeas application and accepting his findings of fact and conclusions of law, and grant applicant relief in the form of a new punishment trial. Because the Court instead reverses course from its earlier decision to grant rehearing and declines to rehear this case, I respectfully dissent.
I. Background
Applicant was in the Marine Corps for six years. He served as a machine gunner in his platoon in Iraq in 2004 and 2005. While in Iraq, applicant was under fire several times, had two rocket-propelled grenades explode about ten to fifteen feet *160 from his vehicle, had to "take out" vehicles that did not stop to be searched, and had to raid houses at night. When he returned to the United States after his military deployment in 2005, family and friends suggested that applicant's personality had changed and that he had a look in his eyes like he was disconnected from reality. In 2008, in response to concerns that he was considering suicide, applicant was hospitalized. He displayed post-traumatic stress disorder symptoms and was diagnosed with major depressive disorder. In 2009, applicant killed his two victims, and upon his arrest, he immediately confessed.
Applicant was tried for capital murder and sentenced to death at a trial presided over by Judge Travis Bryan, judge of the 272nd District Court. Judge Bryan was appointed to that position about a decade ago by Governor Rick Perry, and he has been elected to that court where he continues to preside today. In addition to presiding over the guilt and punishment phases of applicant's trial, Judge Bryan also presided over and denied applicant's motion for new trial. At some point after he ruled on the motion for new trial, Judge Bryan temporarily recused himself from this case and the administrative judge appointed a new judge to hear this habeas application, but then Judge Bryan, with the consent of the administrative judge, withdrew his self-recusal.
With the agreement of all of the parties, Judge Bryan heard and resolved applicant's habeas application. Judge Bryan recommended that applicant receive habeas relief in the form of a new punishment trial based on his observation of the live testimony from thirteen witnesses over the course of a five-day evidentiary hearing on applicant's habeas application. Judge Bryan determined that, although applicant's trial counsel had presented some evidence of applicant's troubled background at trial, trial counsel was ineffective in the punishment phase for failing to adequately explain the psychiatric evidence to the jury. As indicated by the findings of fact and conclusions of law made by Judge Bryan, applicant is entitled to a new punishment hearing where a jury will be permitted to consider all of the necessary evidence for it to make a fair determination about whether applicant's sentence should be set at life imprisonment with no possibility of parole or death.
On original submission of this case, this Court held that, rather than consider Judge Bryan's findings of fact and conclusions of law, those findings and conclusions must be disregarded in their entirety because the record failed to show that the regional administrative judge had filed the appropriate paperwork to reinstate Judge Bryan on the case after his temporary self-recusal from this litigation. See Ex parte Thuesen , 546 S.W.3d 145, No. WR-81,584-01, 2017 WL 510563 (Tex. Crim. App. Feb. 8, 2017). In this Court's majority opinion which I joined, this Court noted that there was no formal written order by the administrative judge directing Judge Bryan to reassume the case from the visiting judge, Judge Towslee, who had been assigned to replace Judge Bryan following his voluntary self-recusal. This Court's opinion stated,
Judge Underwood has informed us that he thoroughly reviewed the pleadings, filings, records, and transcripts of these proceedings in his court and located no record of an order directing Judge Bryan to reassume judicial authority over this case and no order rescinding Judge Towslee's authority over the case. It appears that no such order was ever entered of record.
Id. at 154-55, at *7. This Court determined that, due to the absence of a written order formally reinstating him, Judge Bryan *161 lacked authority to take any action on the case after his order of self-recusal was signed. Id. at 155-56, at *8.
In our majority opinion, we discussed the fact that the State's attorney "withdrew the State's objection to Judge Bryan's exercise of authority over the case," and we indicated that we would "address what impact" this fact had on our resolution of the recusal matter. Id. In that portion of the Court's opinion, we cited the ordinary rules of error preservation, and then we said,
However, because Judge Underwood had not revoked Judge Towslee's assignment, Judge Towslee retained judicial authority over the case at the time Judge Bryan conducted the telephonic hearing to decide the issue of his own reinstatement. Regardless of whether the State articulated or maintained a valid objection, Judge Bryan lacked the judicial authority to preside over the telephonic hearing, overrule the State's objections, and sign the order reinstating himself.
Id. at 156-57, at *9.
Applicant's second ground in his motion for rehearing challenges this Court's original opinion in this case by asserting that the opinion failed to consider the doctrine of invited error. Applicant argues that, under Rule 18b of the Texas Rules of Civil Procedure, any ground for recusal may be waived after it is fully disclosed on the record. See TEX. R. CIV. P. 18b(e). Applicant argues that the concept of invited error or estoppel applies to recusal matters. He contends that the State cannot invite a circumstance and then later object so as to gain a strategic advantage. Furthermore, applicant observes that the invited-error doctrine applies whether the error is considered to be fundamental or not.
Relying on the plain language in the rules of civil procedure, applicant asserts that the right at issue-whether a judge may preside over a case in which he had earlier recused himself-is one that may be waived by a party. Rule 18b(e) states, "The parties to a proceeding may waive any ground for recusal after it is fully disclosed on the record." Id. Applicant contends that this rule plainly permits the State to waive any objection regarding Judge Bryan's presiding over this case, which is precisely what occurred here. Applicant observes that, after discussing the matter at length and permitting research into the appropriateness of permitting Judge Bryan to preside over the case after he had earlier recused himself, the parties expressly agreed, with the State doing so in writing, that Judge Bryan could preside over the habeas proceedings. In support of his assertion that the State expressly agreed to permit Judge Bryan to preside over these habeas proceedings, applicant relies on an email to Judge Bryan on March 18, 2014, from Brazos County First Assistant District Attorney Brian M. Baker, which read,
Judge Bryan,
The State of Texas no longer has any objections relating to you presiding over the John Thuesen writ. Based on further research and contact with a number of experts in the area of federal writs, the statements and assurances made by the Office of Capital Writs in the telephone hearing yesterday, March 17, 2014, are sufficient to alleviate our concerns about their motives for having you preside. With those issues resolved, our original desire to have you preside can now be realized without any apprehension of future legal ramifications.
The email was copied and sent to applicant's counsel, the regional presiding judge, and the judge who had been appointed *162 to preside over the habeas application during the interim of time that Judge Bryan had recused himself in this case.
Applicant summarizes his argument by noting that, even if this Court correctly determined that the record was lacking the required paperwork to show that Judge Bryan had been officially reassigned to the case, the State expressly waived any error with respect to Judge Bryan's authority to preside over the habeas proceedings on that basis. Applicant concludes that, under the "invited-error doctrine, the Opinion should be modified following a rehearing."
Evidently, this Court found applicant's arguments challenging our opinion to be persuasive because we granted applicant's motion for rehearing in May 2017. Today, however, with little explanation, this Court reverses course by withdrawing its granting of rehearing in this case and reinstating the original opinion by this Court.
II. The Doctrine of Invited Error Applies to this Case
Although it is true that there is an absence of any written order by the administrative judge formally showing the reinstatement of Judge Bryan over the case, the absence of that order is immaterial under these circumstances which show that the State waived its objection regarding the recusal issue and agreed in writing that it was proper for Judge Bryan to preside over the habeas proceedings. I would apply the doctrine of invited error to this case, hold that the State cannot now complain about Judge Bryan's purported lack of authority to preside due to the missing paperwork, and adopt Judge Bryan's findings of fact and conclusions of law.
The doctrine of invited error provides that a party is estopped from complaining on appeal of an error that he induced.[1] This Court and other courts often apply the doctrine of invited error to rule against defendants on a wide variety of matters, including errors that might amount to fundamental or structural errors. See, e.g., Ex parte Pete, 517 S.W.3d 825, 833 (Tex. Crim. App. 2017) ("A defendant who positively asks the trial court to grant a mistrial that is limited to the punishment phase may not be heard later to complain, after the trial court grants his request, that the limited mistrial compromised his right to have 'the same' jury resolve both phases of his trial.").[2] This Court has even upheld *163 illegal sentences on the basis of invited error. See Rhodes v. State , 240 S.W.3d 882, 892 (Tex. Crim. App. 2007) ("A defendant who has enjoyed the benefits of an agreed judgment prescribing a too-lenient punishment should not be permitted to collaterally attack that judgment on a later date on the basis of the illegal leniency.").[3] Taking all of these cases together, I would hold that the absence of the administrative judge's written order formally reinstating Judge Bryan on the case was invited error under these circumstances in which the State expressly represented in writing to Judge Bryan, the administrative judge, the assigned visiting judge, and applicant that it was the State's "desire" for Judge Bryan to preside over the habeas proceedings. After the State made that express indication to all of the interested entities demonstrating its agreement that Judge Bryan would preside over the habeas proceedings and the proceedings were subsequently had without any complaint from anyone, the State's feelings about the judge later appear to have changed when he ruled in favor of applicant. This Court should not grant relief to a party who knowingly and voluntarily agrees to the precise matter of which he later complains, based on his apparent dissatisfaction with the ultimate outcome of a proceeding.
The application of the doctrine of invited error should not be a one-way street. The doctrine of invited error that has been extensively applied to reject claims presented by defendants should apply equally to the State, especially here, where there is no dispute that Judge Bryan was unbiased and should not have been recused from the habeas proceedings. The instant case is not one that implicates the jurisdiction of the trial court or the lawful authority of the judge to preside over this case; Judge Bryan is the elected judge of the trial court. This Court's opinion has improperly elevated a recusal matter into one of jurisdiction and a judge's authority to act, in conflict with the rules of civil procedure that permit a knowing waiver of recusal matters. Here, there is more than a waiver of a recusal matter. There is an express agreement by the State and applicant for Judge Bryan, the elected judge of the court to which this case was assigned, to preside over the habeas proceedings.
Rather than discuss the doctrine of invited error, this Court's reinstated majority opinion focuses on the fact that this was a habeas proceeding in which we are the ultimate fact finders and that this Court may thus choose which judge it prefers to hear the habeas proceedings. Thuesen, 546 S.W.3d at 157, 2017 WL 510563, at *9. This Court determined that, as the ultimate fact finder over habeas cases, without the required paperwork reinstating him, we had the authority to disregard Judge Bryan's findings of fact and conclusions of law and to remand the case to Judge Towslee to complete his assignment and enter his own findings of fact and conclusions of law. Id. The concept of this Court as the ultimate fact finder in a habeas proceeding, however, is immaterial to this type of situation that involves a preliminary procedural question regarding a judge's authority to preside over a habeas application. More importantly, this Court provides no rational justification for its decision. This is simply a paperwork oversight stemming from the administrative judge's mistaken belief *164 that it was unnecessary for him to enter an order reinstating Judge Bryan on the case.[4] Judge Bryan is the elected judge of the trial court who heard the jury trial on the merits of this case and who ruled on the motion for new trial. He is the preferred fact finder over a judge who did not preside over the trial. Furthermore, before the ruling in favor of applicant, all of the parties agreed that Judge Bryan was the appropriate fact finder and that there was no valid basis for a motion to recuse him. Yet, now, only after Judge Bryan has ruled in favor of applicant, the State suddenly decides that the paperwork blunder is so important that this judge may never again sit on this case. Curiously, this Court agrees with the State, even though this Court almost always holds that the judge who heard the trial proceedings is the preferred fact finder on habeas review. And even more curiously, this Court does not simply remand this case to the habeas court for it to correct the paperwork error so as to permit Judge Bryan to continue to preside over the case. Yet even more curiously, this Court disregards the doctrine of invited error that it has repeatedly applied against defendants even under circumstances in which a court has lacked jurisdiction over a case. This mysterious disregard of this Court's established practices and principles of law results in this Court's decision to reject the recommendation of the trial court judge who heard all of the habeas evidence merely because of missing administrative paperwork, despite the State having no complaint about the subject of that paperwork until faced with an adverse ruling.
This Court's instant majority opinion claims that viewing the issue in this case as a result of "missing administrative paperwork" mischaracterizes the posture of this case because Judge Underwood specifically informed this Court that "no such order ever existed" restoring Judge Bryan to the case. Although it is true that no order reinstating Judge Bryan existed, Judge Underwood made clear to this Court that the absence of that order was based on an incorrect assumption about what needed to be memorialized in the record. Judge Underwood's full response to this Court states,
I have made a thorough review of the pleadings, filings, records, and transcripts of the proceedings in this Habeas case. I have not found any Order removing Senior Judge H.R. Towslee and reinstating Judge Travis Bryan III, as no such order ever existed. Judge Bryan's original request of me was an assignment request to have a judge appointed in the 272nd Judicial District Court of Brazos County, Texas. I entered such an Order on November 18, 2013, thereby assigning Senior Judge Towslee. There was never a formal Motion to Recuse Judge Bryan filed by any party to the *165 Habeas matter now pending in the 272nd Judicial District Court. As there was no formal Motion to Recuse Judge Bryan, I had no need to issue an Order reinstating him on this Habeas matter. My Order appointing Judge Towslee has never been subject to rescission and still exists.
Thuesen , 546 S.W.3d at 150-51, 2017 WL 510563, at *4. This explanation from Judge Underwood comports with Judge Bryan's email to the parties indicating that he had been authorized by Judge Underwood to resume presiding over applicant's case. Judge Bryan's email to his court coordinator stated,
Judge Underwood called this morning and advised me that if I am willing, since I originally recused myself, I can now enter an order withdrawing my own recusal order. This would put me back on the capital writ hearing. I told him I would do this on Monday. The reason I will is because my original recusal reason, [Esparza's] campaign and my donation to her, is now moot. He said it will then fall on either of the parties to object to my presence in the case. He believes this is the proper procedure. If anyone objects, Judge Underwood or his designee will then hear the involuntary recusal motion.
By copy of this email, you may notify both sides and Judge Towslee of my intent. Please copy Judge Underwood also to confirm my conversation with him. I will enter the order on Monday. Travis Bryan III.
Id. at 148, at *2. Thus, the issue in this case is the result of a paperwork blunder. Judges Underwood and Bryan incorrectly believed that, because Judge Bryan's recusal was voluntary rather than pursuant to a motion by a party, it could be undone without an order. At the time that Judge Bryan indicated to the parties that he was back on the case with the knowledge and consent of the administrative judge, the State could have pursued a motion to involuntarily recuse Judge Bryan. It not only declined to do so but also expressed to all involved that it was waiving its objection and was satisfied to continue the habeas proceedings under Judge Bryan.
To this day, the State has never contended that Judge Bryan was biased in this case in any way. As discussed above, the Brazos County First Assistant District Attorney represented to the trial judge, to the administrative judge, to the visiting judge, and to applicant that it was both proper and desirable for Judge Bryan to preside over this case. Given these circumstances, I conclude that this Court's majority opinion erroneously failed to consider the doctrine of invited error and that this Court should grant rehearing of this case and withdraw its original opinion. Although I had joined that majority opinion, I now disagree with it. I would consider the findings and conclusions made by Judge Bryan, defer to those findings, and grant applicant a new punishment trial.
But even if this Court is correct that this case should be remanded to the habeas court for further proceedings under Judge Towslee, I would hold that Judge Towslee should then permit any necessary corrections in the administrative paperwork with the appropriate documentation so that Judge Bryan may be reinstated on the case. The best way to effectuate the prior agreement of the parties-to proceed under Judge Bryan in this case-is for them to obtain the missing paperwork from the administrative judge that would formally reinstate Judge Bryan on these habeas proceedings through an appropriate order. That would put these parties exactly where they agreed to be when the habeas hearing was held. Judge Bryan could then take judicial notice of the proceedings that *166 had already occurred before him, and he could reissue his order and findings of fact and conclusions of law. That outcome would conform to this Court's established practice of preferring the trial judge who actually presided over the jury trial to act as the fact finder in a habeas proceeding. And the State, having already agreed to have the hearing in front of Judge Bryan, should not have any valid complaint in allowing Judge Bryan to reinstate his ruling and findings.
III. Conclusion
After reviewing applicant's arguments in favor of rehearing and the substance of this Court's majority opinion on original submission, I now conclude that this Court should have applied the doctrine of invited error and rejected the State's complaint that Judge Bryan lacked authority to preside over these habeas proceedings. Because it agreed to permit Judge Bryan to preside over these proceedings and expressly communicated that agreement to all involved, the State may not now complain that Judge Bryan did precisely that. This Court should rehear this case, apply the doctrine of invited error, and adopt Judge Bryan's findings of fact and conclusions of law in which he determined that applicant is entitled to a new punishment trial. I agree with Judge Bryan's assessment that applicant's trial counsel was ineffective during the punishment phase, and I would accordingly defer to that determination as a basis for granting applicant relief in the form of a new punishment trial. Because this Court declines to adopt that reasoning and instead rescinds its prior order granting rehearing, I respectfully dissent.

All references to articles refer to the Texas Code of Criminal Procedure unless otherwise stated.

The dissent claims that the recused judge's lack of authority in this case was simply a result of "missing administrative paperwork." This claim mischaracterizes the posture of this case. The presiding judge of the administrative judicial district never issued an order restoring the recused judge to the case. The recused judge claimed that the presiding judge had said he was "back on this case." See Thuesen , 546 S.W.3d at 149, 2017 WL 510563, *3, 2017 Tex. Crim. App. LEXIS 185, *7. But the presiding judge specifically stated that "no such order ever existed." Id. at 150, at *4, 2017 Tex. Crim. App. LEXIS 185, at *11.
The dissent also claims that the State "invited error" with respect to the recused judge resuming control over this case. But the recused judge made it clear that he was resuming control over the case while the State's objection to doing so was still pending, and the recused judge told the State that it would have "to seek an involuntary recusal." Id. at 149, at *3, 2017 Tex. Crim. App. LEXIS 185, at *7-8. It was only after these statements by the recused judge and the representation that the presiding judge had authorized the reinstatement that the State said it was abandoning its objection to the recused judge resuming control over the case. Further, the State's reason for abandoning its objection was that the Office of Capital Writs had made assurances that alleviated its concerns over a potential conflict of interest in the recused judge presiding over the case. See id. at 149, at *3, 2017 Tex. Crim. App. LEXIS 185, at *8. Those concerns might mean that the State would not oppose an order of reinstatement, but that does not mean that the recused judge can act in the absence of an order of reinstatement. See id. at 151-55, at *5-7, 2017 Tex. Crim. App. LEXIS 185, at *16-22. And we are not an appellate court confronted with completed trial proceedings in the which parties knowingly allowed a recused judge to act. We are the court of return in an Article 11.071 habeas proceeding and the habeas judge does no more than make recommendations to us. See id. at 156-57, at *9, 2017 Tex. Crim. App. LEXIS 185, at *27; Tex. Code Crim. Proc . art. 11.071, § 4(a). Because the relevant proceedings are not even complete, it is within our province to recognize that the judge purporting to act as factfinder in these proceedings lacks the authority to do so.

See, e.g., Woodall v. State, 336 S.W.3d 634, 644 (Tex. Crim. App. 2011) ("The law of invited error provides that a party cannot take advantage of an error that it invited or caused, even if such error is fundamental. In other words, a party is estopped from seeking appellate relief based on error that it induced."); Prystash v. State, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (noting that the doctrine of invited error is distinct from waiver and is properly thought of as estoppel).

See also Peyronel v. State , 465 S.W.3d 650, 652 (Tex. Crim. App. 2015) ("Other jurisdictions have held that the public-trial right is subject to the invited-error doctrine under state law or can be waived by consent[.]"); Woodall , 336 S.W.3d at 644 (citing doctrine of invited error to explain that Woodall's refusal of the writ of attachment invited the error caused by the failure to have the witness brought to court to testify); Vennus v. State , 282 S.W.3d 70, 74 (Tex. Crim. App. 2009) ("This case presents a situation where [Vennus] is 'making an appellate error of an action [he] induced.' "); Prystash , 3 S.W.3d at 532 (applying the doctrine of invited error, and holding that "we will not permit [Prystash] to complain of the trial court's deleting a jury charge as he requested"); State v. Yount , 853 S.W.2d 6, 9 (Tex. Crim. App. 1993) ("Since [Yount ] requested that the jury be instructed on the lesser included offense, he is now estopped from complaining that his conviction of that offense is barred by limitations."); Cadd v. State , 587 S.W.2d 736, 741 (Tex. Crim. App. 1979) (op. on reh'g) (applying the rule of invited error to dispose of an issue on rehearing which, on original submission, the court determined constituted fundamental error).

See also Deen v. State , 509 S.W.3d 345, 351 (Tex. Crim. App. 2017) ("Appellant here accepted the benefit of the lenity in the judgment he collaterally attacks. Estoppel by judgment bars this kind of collateral attack. Because Appellant is estopped, he is not entitled to a new punishment hearing.").

In considering the matter of Judge Bryan's authority to preside under these circumstances, we had sought a response from the regional administrative judge regarding the existence of such a written order that would have removed Judge Towslee and restored Judge Bryan to the case. The regional administrative judge responded that "[t]here was never a formal motion to recuse Judge Bryan filed by any party to the habeas matter .... As there was no formal motion to recuse Judge Bryan, I had no need to issue an order reinstating him on this habeas matter." This statement by the administrative judge suggests that he was aware of Judge Bryan's desire to be reinstated and that he believed Judge Bryan could properly resume sitting on the case without the need for entry of a formal written order to that effect. Given these facts, it is unsurprising that the record does not contain any order of the administrative judge formally reinstating Judge Bryan-the administrative judge mistakenly believed that no such order was necessary under these circumstances.